## CARMAN vs. NEWELL.

An agreement by the parties, in a justice's court, for the trial of a cause by a jury of less than six jurors is good, though not made until after the return of the venire and when the jury is drawn, if the parties proceed to trial pursuant to such agreement.

Where it was objected that the justice could not sit upon the trial of a cause, on the ground that he was of kin to the plaintiff, and it appeared that the brother of the plaintiff had married the widow of the justice's brother, and that she was dead, and it did not appear that there was any issue of such marriage, it was held that the justice was not disqualified by reason of affinity.

ERROR to the Dutchess C. P. Carman sued Newell before a justice and recovered $25 damages, and costs; which judgment the common pleas reversed upon certiorari, and the plaintiff brought error to this court. The suit before the justice was for fraud, and upon a fraudulent warranty respecting the qualities of a horse purchased by the plaintiff of the defendant; and the defendant plead the general issue. The cause was tried by a jury consisting of *four* jurors. Nothing is stated in the return as to any agreement respecting the number of jurors, before the venire was issued, or as to the contents of the venire; but it appears that at the time of the drawing of the jury, after the return of the venire, the defendant's attorney proposed, and the plaintiff's consented, that the jury should consist of four, and that four only were drawn and sworn accordingly. The defendant then asked the justice to dismiss the suit, for the reason that he, the justice, was of kin to the plaintiff; and he proved by witnesses sworn upon that question, that John Carman, a brother of the plaintiff, had married the widow of a deceased brother of the justice, and that she was now dead. The application to dismiss was refused. Evidence on both sides was then given upon the issue between the parties, and the jury found for the plaintiff.

*Richard Peck*, for the plaintiff in error.

*William Eno*, for the defendant in error.

*By the Court,* JEWETT, J. The defendant in error has made several points on which he relies to sustain the judgment of reversal of the justice's ·judgment. 1. That it was error, because the suit was tried by only four jurors. The statute (2 *R. S.* 243, § 95,) enacts that "the parties may agree upon any number of jurors less than six to try the cause ; and the justice shall direct in the venire the summoning of so many jurors as shall be double the number so agreed on." Whether the parties agreed on the number of four jurors to try the·cause before the venire was issued, or whether it was issued to summon eight jurors according to the provision of the statute in such cases, does not clearly appear by the return of the justice ; I infer, however, from the return, that the agreement was made for a trial by four instead of six at the time the jury was being called by the jus· tice. But it was sufficient if made at that time. A party can· not be permitted to avail himself of such an objection after trial. If any thing, it was an irregularity which it was competent for the parties to waive, as they did in this case.

2. It is insisted that the justice was disqualified from sitting to try the cause by reason of his *affinity* to the plaintiff. The statute (2 *R. S.* 275, § 2) enacts that "no judge of any court can sit as such in any cause to which he is a party, or in which he is interested or in which he would be excluded from being a juror by reason·of *consanguinity* or *affinity* to either of the parties." The statute extends to a justice sitting on the trial of a civil cause. (*Edwards* v. *Russell,* 21 *Wend.* 63.)

*Affinity* is defined to be, "the relation contracted by marriage between a husband and his wife's kindred, and between a wife and her husband's kindred, in contradistinction from consanguinity, or relation by blood." The affinity which is a ground of principal challenge to the array, must be a subsisting affinity at the time of the challenge. In this case the widow of the justice's brother, who became the wife of the plaintiff's brother, was proved to be dead, and there was no evidence that there was issue of the marriage.

It has been adjudged, that " It is no principal cause of challenge to a juror that he hath married the party's mother, if she be

dead without issue," for "the cause ceasing, the effect doth likewise cease." (*Cain* v. *Ingham*, 7 *Cowen*, 478, *note A.; Foot* v. *Morgan*, 1 *Hill*, 654.) The justice was not therefore disqualified by reason of affinity to the plaintiff.

The remaining point raised is, that the evidence did not sustain the action. There was evidence on both sides fit and proper for the consideration of the jury. The verdict is not entirely unsupported by evidence. The judgment of the justice should not have been reversed on the ground that there was no evidence to support the verdict. (*Noyes* v. *Hewett*, 18 *Wend.* 141; *Baldwin* v. *Delevan*, 2 *Hill*, 125.)

The judgment of the common pleas must be reversed and that of the justice affirmed.