138                    SUPREME COURT.

Ochus vs. Sheldon, Hoyt & Co.—Argument of Counsel.

## A. A. OCHUS VS. SHELDON, HOYT & CO.

1. The rule of Court which prescribes that unless the declaration be filed by the first day of the second term, the cause shall be dismissed, is not mandatory upon the Court, but is only a right or privilege accorded to the defendant, to have the same dismissed upon motion.

2. A waiver of præcipe and summons and an acknowledgment of service, endorsed upon the declaration, is not to be so construed as to deprive the defendant of his right to make defense to the suit.

3. Both by the rule of the common law and by the statute of Florida, a Judge is precluded from sitting on the trial of any cause in which he may have a pecuniary interest. Whether under the second section of the Act of 1862, the defendant may waive the objection. Query ?

This case was decided at Tallahassee.

Appeal from Suwannee Circuit Court.

*McLeod & Broome* for Appellants.

The following are the material points in the case :

The appellant, on the 26th day of Dec., 1866, made a certain promissory note in writing, as follows :

$561. One day after date, I promise to pay to the order of Thomas T. Long five hundred and sixty-one dollars, for value received, Dec. 26th, 1866.

A. A. OCHUS.

The said note was thus endorsed :

"Pay to the order of Sheldon, Hoyt & Co., waiving protest and notice.

THOS. T. LONG."

On the 4th day of April, 1867, the said Sheldon, Hoyt & Co., by their attorney, Jesse. Finley, presented to appellant a declaration declaring on the beforementioned note, with this endorsement on same:

"I waive *præcipe* and summons, acknowledge service, and agree that the fall term of this court for 1867, shall be judg-

ment term, April 4th, 1867." And this appellant was asked to sign same, which it appears was done.

On Monday, the 21st day of October, A. D. 1867, the Fall Term of the Circuit Court in and for Columbia county of the Suwannee Circuit, was opened.

On Wednesday the 23d, the third day of the term, the papers in the case were filed and the case called, and the court entered the following order:

"Judgment by default, clerk to assess, Oct. 23d, 1867, stay of execution to Dec., 1867." The appellant objecting and tendering the following errors:

First. That in waiving *præcipe* and summons and acknowledging service as endorsed on the back of the declaration, the said Ochus did not waive any other of his legal rights of defense or requirements of the law as contained in the statutes and the rules and practice of the court. Now, the plaintiffs, not having filed their declaration in accordance with the law and the rules and practice of the court, the said defendant never had his day in court, therefore it was error in the court to grant judgment.

Second. The declaration not having been filed on or before the first day of the second term, there was not legally a case in court, therefore it was error in the court to grant judgment.

Third. That the declaration not having been filed on or before the first day of the second term, the suit was, by the operation of the law and the rules and practice of the court, dismissed, and the court erred in granting judgment.

Fourth. That the consent endorsed on the back of the declaration that the Fall Term, A. D. 1867, should be judgment term, waived no rights of defense or requirements of the law, save those specifically waived, and the plaintiffs were bound equally with the defendant to conform to the rules of practice and pleading.

Fifth. Forasmuch as the note upon which judgment was

140    SUPREME COURT.

Ochus vs. Sheldon, Hoyt & Co.—Argument of Counsel.

rendered was made payable to the order of Thomas T. Long, and the said Judge Thomas T. Long, being the Judge who presided upon this judgment, he being an interested party, was disqualified from trying said cause, by interest, (he supposing it was by consent.) Now, as this defendant did not waive this objection, the court erred in granting judgment.

On the 20th of January, 1868, the Judge thus endorsed the errors:

"I hereby certify that the above bill of exceptions is true and contains the decision of this court.

THOS. T. LONG,
Judge C. C. S. C."

"January 20, 1868."

We submit the following points of law as correct and applicable to the cause in argument :

First. The statutes and rules of courts permit a party defendant to have his day in court by providing that the declaration must be filed at least six months before the party defendent can be forced to trial. The lenity of the law gives that time to prepare his defense after he is informed of the charges against him. Thomp. Dig., 330 ; Rules of Court, heading "Declaration," parts 1 and 2.

Second. In the event the declaration is not filed on or before the first day of the second term, the suit is by the operation of the law and rules of the court dismissed. Thomp. Dig., 330 ; Rules of Court, heading "Declaration," pa. 2.

Third. The declaration not being filed on or before the first day of the second term, there was not legally a suit in court. Thomp. Dig., 330 ; Rules of Court, heading "Declaration," pa. 1 and 2.

Fourth. The waiver of *praecipe* and summons and consent, that the Fall Term, 1867, should be judgment term, is an agreement conditional in its nature, and is equally binding upon plaintiffs and defendant, and the express waiver of cer-

tain named requirements of the law is to the exclusion of those requirements of the law not mentioned. 2 Parsons on Contracts, 27, 28, 49, 50, 52, 53, 189; 7 T. R., 383; Broom's Legal Maxims, 505, 521, marginal; Coke on Littleton, 210, a.

Fifth. An order of court, granted by a Judge disqualified by law, is null and void, and a mistake on the part of a Judge is ground upon which a judgment, based on that mistake, will be set aside. Pam. Acts 5th Session of Florida, page 124, Acts 62; 19 John., 172; 13 Mass., 341; 10 Fla., 213.

*J. J. Finley* for Appellee.

DuPONT, C. J., delivered the opinion of the Court :

The record before us shows the following state of case : At the fall term of the Circuit Court, holden in and for the county of Columbia, the counsel for the appellees, who were plaintiffs in the court below, obtained leave to file a præcipe, summons and declaration in the case, under and by virtue of an agreement endorsed upon the declaration, in the following words, viz: " I waive præcipe and summons and acknowledge service, and agree that the fall term of this court for 1867 shall be the judgment term.

. "Signed,                                  A. A. OCHUS.
" April 19th, 1867."

On the same day, to-wit, on the 23d day of October, the following entry of judgment was made : " And now on this day came the parties, by their attorneys, and the defendant saying nothing in bar or preclusion of the plaintiffs' demands : It is ordered and adjudged that the plaintiffs do recover of the defendant and that the clerk do assess the damages."

It is also made to appear that the cause of action sued upon is a promissory note made payable to the Judge who presided, and by him endorsed to the plaintiffs.

The substance of the errors assigned is as follows:

"1st. That the declaration not having been filed on the first day of the second term, the case stood as dismissed under the rules of court."

2d. That in waiving præcipe and summons and acknowledging service, as endorsed on the declaration, the defendant did not waive his legal right to make defence to the action.

3d. That the presiding judge was disqualified by interest from sitting on the trial of the cause.

We now proceed to consider, in their order, the several errors assigned. And first, the 15th rule adopted for the regulating of proceedings in the Circuit Courts, provides that " all declarations must be filed on or before the first day of the term, and if not filed by the first term thereafter, the suit shall be dismissed."

The record shows that the declaration in this case was not filed until the third day of the term, and it is insisted in argument that, under the operation of this rule, the case was *ipso facto* dismissed and the cause out of court. We think that this construction of the rule is too stringent, and that the rule was designed only to give to the defendant a privilege, of which he might or might not avail himself.

In the record before us there is nothing to show that any objection was taken by the defendant in the court below, but there is the most conclusive evidence contained in the entry of the judgment itself that both parties were present by their counsel, and that the defendant said "nothing in bar or preclusion of the plaintiffs' demand." In this state of case we think that the defendant, having neglected to claim his privilege in the court below, cannot be permitted to do so in this court. The first assignment of error is, therefore, overruled.

The 2d error assigned is, " that in waiving præcipe and summons, and acknowledging service as indorsed on the declaration, the defendant did not waive his legal right to

make *defence* to the action." The proposition contained in this assignment of error is undoubtedly correct, and were it sustained by the history of the case as detailed in the record, would be conclusive of the cause. But in no part of that record does it appear that the defendant made any effort to defend, or that he was debarred from this legal right by any ruling of the court below. As it comes before us unsustained by any facts contained in the record, it is simply the enunciation of an abstract proposition and has no bearing upon the case, and as this court deals only with the facts of the case as authenticated by the record, this assignment is also overruled.

The 3d error assigned is, that the judge who presided at the rendition of the judgment was interested in the result of the suit. This assignment is abundantly sustained by the facts as set forth in the record, for it is there shown that the note which constituted the cause of action bears the indorsement (with a special waiver of protest and notice,) of the individual who presided as judge at the trial of the cause.

It is a canon as old as the common law itself that no man shall be permitted to give judgment in his own cause. Vide Black. Com. Book III, page 298, note a. It seems, however, that in proceedings under the common law this objection might be waived by the defendant so as to preclude him from taking advantage of it, (ib. note 11,) and such seems to have been the rule in our courts, until the enactment of the statute in 1862, which provides "that no Judge of any Court, or Justice of the Peace, shall sit or preside in any cause to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties; nor shall he entertain any motion in the cause other than to have the same tried by a competent tribunal."

The second section of the act provides, "That the judge or justice so incompetent, shall retire of his own motion and

without waiting for an application to that effect : that any and all judgments, decrees and orders, made by a judge or judges so incompetent, shall be of no force or validity, and are hereby declared to be null and void, except an order for the trial of the cause as hereinbefore provided." Pamph. Laws of 1862, page 13.

There is no evidence in the record before us, that the defendant had waived his right to object to the presiding Judge as an interested party, even if such waiver be admissible under the construction to be given to the 2d section of the act. And, in the absence of such evidence, we think that the objection under this assignment is well taken, and is fatal to the judgment rendered in the court below.

Let the judgment be reversed and set aside, and the cause remanded for a new trial in the court below.