```
26   77
f41  465
41   657
```

## Ex Parte James Harris, Habeas Corpus.

1. The interest which disqualifies a judge under Section 28, p. 337, McClellan's Digest, is a property interest in the action or its result, in contradistinction to an interest of feeling or sympathy or bias that would disqualify a juror.

2. Affinity is the tie between a husband and the blood relations of the wife, and between a wife and the blood relations of the husband, but it does not exist between the blood relations of either party to the marriage and those of the other party, and hence there is no affinity between a brother of a wife and the brother of her husband, and the latter is not disqualified by affinity to preside in the trial of the former for a crime.

3. That a judge has boarded with his sister-in-law, and that she is and has been a daily visitor to his home, remaining there sometimes for days, and the judge has always been a great admirer and friend of a brother of the sister-in-law and has always regarded him as scrupulously honest, and these considerations lead him to fear that he might not be able to do the State justice, do not disqualify the judge from presiding in the trial of such brother for a criminal offense.

4. Where a party is in custody under an information charging him with a bailable felony, and the judge of the Criminal Court of Record before which he is charged, refuses to take any action whatever in the case, either as to bail or trial, on the ground that he is disqualified by reason of interest and affinity to act, and it does not appear to the Supreme Court on a *habeas corpus* proceeding that the judge is disqualified, bail conditioned for the party's appearance before the Criminal Court of Record will be allowed.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*Frank W. Pope and O. J. H. Summers,* for petitioner.

An information was filed against James Harris on the 26th day of December, A. D., 1889, in the Duval County Criminal Court of Record, charging him with robbery. The Hon. Loton M. Jones, judge of said Court, when the case was called, refused to try it, or admit the accused to bail on the ground that his brother was the husband of a sister of the accused, and that he was so biased in the matter as to debar a fair and impartial trial of the cause. The accused was remanded to jail, where he now is, and sues out this writ for the purpose of a discharge; or a deliverance from this Court that will indicate the legality of his trial before the Hon. Loton M. Jones.

The judge is not related to the accused, either by consanguinity or affinity, and the only question is, as to the quality

or degree of interest that will disqualify a judge from the trial of a cause.

The language of the statute is : " No judge  *   *   * shall sit or preside in any cause to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties." McClellan's Digest, p. 337, Sec. 28.

Is the interest that would disqualify a judge, the same as would furnish ground for challenge to a juror ?

By reference to Chap. 1628, Sec. 24, Acts of 1868, Laws of Florida, it will be seen that a juror is disqualified when " he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein ;"  *   *   *  and if it shall appear to the Court that the juror does not stand indifferent in the cause, or is otherwise incompetent, another shall be called and placed in his stead for the trial of that cause."

See Acts of 1868, Chap. 1628, Sec. 24.

In the discussion of this question, Freeman says: " That no judge ought to act when, from interest or from any other cause, he is supposed to be partial to one of the suitors." *   *   *   See Freeman on Judgment, Sec. 145.

It has been decided in Massachusetts and Alabama that the action of any judge in any matter where he is interested is *coram non judice*, and void. See Freeman on Judgments and authorities there cited, Sec. 146. Says the same author: A statute in New York directed that " no judge of any Court shall act as such in any cause to which he is a party, or in which he is interested, or in which he would be disqualified from being a juror by reason of consanguinity or

affinity to either of the parties. This was held to divest the judge of jurisdiction in the extreme sense."

See Freeman on Judgments, Sec. 146.

Says the Court in a New York case in commenting on a case of similar import: "The evils resulting from the pratice of permitting any judge to act under any circumstances in a matter wherein his judgment is likely to be attributed to improper motives," is to be guarded against, and the judiciary should be shielded from such criticism, consequent upon such a departure from principle. Idem Sec. 146.

It is evident that Judge Jones, as indicated in his written refusal to act in the cause, attached to the petition, is biased and interested, and not in such a frame of mind as the law contemplates for the fair and impartial trial of a cause.

If the judge is disqualified, the accused should be discharged, for there is no provision of law by which his cause can be transferred. Declaration of rights of the Constitution of Florida, Sec. 11; nor can he be admitted to bail, or remanded to jail, for the consequence would be indefinite imprisonment, and in violation of Sec. 8 of the same Bill of Rights.

*The Attorney General,* for the State.

There is no legal disqualification of Judge Jones in this case. The brief of counsel for petitioner limits their argument to a question solely of interest. It is apparent from reading Judge Jones' statement and considering the nature of the case that he has no such interest in the case as disqualifies him from sitting therein. This is a criminal not a civil case. It is not "the cause" nor "any cause" in which neither a judge can preside nor a juror act, who is "interested" or "has any interest." Certainly the "interest" to

disqualify him must be something more than the friendly feeling entertained personally for petitioner, which is the utmost shown by Judge Jones' statement. Judge Jones opinion of petitioner's honesty is such as the law by presumption holds him to be, and the interests of the State can safely be left to a judge whose feelings are as fine and conscientious as belong to Judge Jones.

RANEY, C. J.: The petitioner was arrested on a charge of robbery, and an information was filed against him in the Criminal Court of Record of Duval County, and he was brought into that Court for arraignment, whereupon the judge, the Hon. Loton M. Jones, refused to take any action in the cause either to try him or to admit him to bail, although the petitioner announced his willingness and readiness to be tried and offered bail with good and sufficient sureties. The reasons given by the judge for his course are that he is the brother of the husband of a sister of petitioner, and is, therefore, disqualified to take any action in the cause; and further, he has boarded with his said sister-in-law, and she is and has been a daily visitor to his home remaining there sometimes for days, and petitioner has also been a visitor to his house, and he, the judge, has always been a great admirer and friend of the petitioner, and has always regarded him as scrupulously honest, and these considerations lead him to fear that he might not be able to do the State justice.

Being in the custody of the sheriff on capias issued upon the information, under the above circumstances, Harris applied to one of the justices of this Court for a writ of *habeas corpus*, which he issued, making it returnable before the Court, and the sheriff has made a return in keeping with the above facts, stated in the petition.

6

The petitioner asks to be discharged or admitted to bail.

The act of December 4, 1862, provides that "no judge of any Court, or Justice of the Peace, shall sit or preside in any cause to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties; nor shall he entertain any motion in the cause other than to have the same tried." It also makes it the duty of the judge or justice so incompetent to retire of his own motion without waiting for an application to that effect, and declares void all judgments, decrees or orders made by a justice so disqualified. Section 28-29, p. 337, McClellan's Digest.

Judge Jones is not a party to this proceeding, nor is it the proper remedy for obtaining an adjudication between the State and him, or the prisoner and the judge, upon the question of his qualification in the premises or power to try the petitioner, and directing him to proceed in the cause as it is his duty to do, if he is not disqualified. State ex rel. Hughes vs. Walker, 25 Fla. S. C. 6 So. Rept., 169-172. Still is urged on behalf of petitioner that the judge is disqualified, and for this reason he should be discharged or bailed as under the circumstances his detention will amount to indefinite imprisonment. If he is disqualified to hear the cause, and such disqualification is ground for the petitioner's discharge, he should be given his liberty; so, without meaning to conclude Judge Jones upon the question in any direct proceeding against him, but merely as an answer to petitioner's claim, we must give our views on the subject.

The *interest* that disqualifies a judge under the statute is a property interest in the action or its result, in contradiction to an interest of feeling or sympathy or bias that would disqualify a juror. Sauls vs. Freeman, 24 Fla., 209; O'chus

vs. Sheldon, 12 Fla., 138. There is of course no consanguinity between Harris and Judge Jones. Is there any affinity? Not according to any law we can find on the subject. Affinity is the tie arising from marriage, betwixt the husband and the blood relations of the wife, and betwixt the wife and the blood relations of the husband, but there is no affinity betwixt the kinsmen of the wife and those of the husband or *vice versa*; thus, say the books, the husband's brother and the wife's sister have no affinity. The same must be true of the husband's brother and the wife's brother. See title "Affinity" in the law dictionaries of Tomlin, Bouvier, Abbott, Rapalje and Lawrence. There is no affinity between the blood relatives of the husband and blood relatives of the wife. Paddock vs. Wells, 2 Barbour's Chancery Reports, 331; Carman vs. Newell, 1 Denio, 25; Spear vs. Robinson, 29 Me., 531; Waterhouse vs. Martin, 4 Tenn., 373. These authorities and those cited in them show beyond question that there is no affinity between Judge Jones and the prisoner. Moreover, in view of the doctrine in the case of Leefe, 2 Barbour's Chancery, 39, by Chancellor Walworth, citing Moors vs. White, 6 Johnson's Chancery Reports, 360, by Chancellor Kent, it is questionable whether the statute operates as to affinity in a case like this where the Constitution has created a Court and made no provision for a trial by another judge or tribunal. The other circumstances upon which the judge bases his fear that he will not be able to do justice to the State, are, as indicated above, not such interest as disqualifies him, nor is the presence of the apprehension any good evidence that he will not be careful or able to do justice.

The offence is bailable under our Constitution and laws, and the prisoner should not, under the circumstances, be denied the right of bail, particularly as no steps have been

taken by the State to test the correctness of Judge Jones' position. The proper order will, if it shall be necessary, be made on application of counsel for petitioner, for inquiry into the circumstances of the alleged offense with a view to fixing the amount of the bail, which will be conditioned in the form usual and proper in such cases, for his appearance before the Criminal Court of Record of Duval County, at the time or times to be specified under our direction, in the bail piece.

It will be ordered accordingly.