C. BEN PLUMMER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed June 1, 1922.

1. When an offense is alleged to have been committed on August 19, 1919, and the information is filed August 18, 1921, the statutory bar of two years had not run.

2. An information charging embezzlement of "lawful money of the United States of America," is sufficiently descriptive, and being sufficient to inform the accused of "the nature and cause of the accusation against him," it is not subject to a motion to quash or in arrest of judgment.

3. The amendment of a criminal statute does not, under Section, 32 Artiicle III, Constitution of 1885, affect the prosecution or punishment of a crime committed before the amendment became effective, but as to such crimes the original statute remains in force.

4. In a prosecution for embezzlement of money the evidence should show that the money in fact came into custody or possession of the defendant, or under his control or was converted or secreted or withheld by defendant with intent to embezzle as may be alleged.

A Writ of Error to the Criminal Court of Record for Dade County; Tom Norfleet, Judge.

Reversed.

*Bart A. Riley* and *E. L. Stapp,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WHITFIELD, J.—The information herein, in nine counts, filed August 18, 1921, charges that C. Ben Plummer "did embezzle and fraudulently convert to his own use, without the consent of C. H. Perry money" of stated value "lawful money of the United States of America the said money then and there being the property of C. H. Perry, and the said C. Ben Plummer, being then and there in the employment of the said C. H. Perry as a servant, clerk and agent of the said C. H. Perry, and the said money aforesaid, did * * * come into the possession, care, custody and control of the said C. Ben Plummer, by reason of the said employment." The amounts and dates of said alleged embezzlements being, November 21st, 1919, $2.30; November 24th, 1919, $1.80; December 12th, 1919, $9.72; December 29th, 1919, $7.17; December 31st, 1919, $1.47; January 2nd, 1920, $11.33; January 2nd, 1920, $2.30; between August 19th, 1919, and January 2, 1920, $1,103.43; between August 19th, 1919, and January 2nd, 1920, $7,414.44, the last item being in "money, goods, wares and merchandise."

A motion to quash the information was made on grounds that it charges no offense under the laws of the State, that it is so vague, uncertain, indefinite and insufficient as not to put the accused on notice of the true nature of the

charge against him, and for that a conviction or acquittal thereunder would subject the defendant to a new prosecution for the same offense, and that no embezzlement is charged under the statute. This motion to quash was denied. An extensive bill of particulars was filed. Trial was had on a plea of not guilty. The following verdict was rendered: ''We, the jury, find the defendant guilty as charged in the counts from 1 to 8 inclusive, the 8th count being more than $20,00, so we say all.

Aug. 19, 1921.          Chas. A. Wyckoff, Foreman.''

A motion in arrest of judgment, containing numerous grounds was denied. ''Thereupon the court did sentence the defendant, stating: ''I will defer sentence on the first seven counts of the information and sentence you on the eighth count:

''It is the sentence of the law and the judgment of the court that you, C. Ben Plummer, having been convicted of embezzlement, be imprisoned by confinement at hard labor in the State Penitentiary for a term of two years.

''Done and ordered in open court this, the 22nd day of August, A. D. 1921.

Tom Norfleet, Judge.''

A writ of error was taken by the defendant.

As the offense is alleged to have been committed on and after August 19, 1919, and the information was filed August 18, 1921, the statutory bar of two years had not run. See Savage v. State, 18 Fla. 970.

The description of the money alleged to have been embezzled as ''lawful money of the United States of America'' is sufficient. Without reference to the detailed bill of particulars the information is sufficiently explicit

and comprehensive to inform the accused of the nature and cause of the accosation against him, as required by Section 11 of the Declaration of Rights. Nor is the information so vague and indefinite as to mislead the accused or to embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, within the meaning of the statutes. Sections 6063, 6064, Revised General Statutes, 1920. There was no error in denying the motion to quash the information and the motion in arrest of judgment.

Section 32, Art. III, of the State Constitution is as follows: ''The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment.''

The statutes contain the following provisions: ''If any clerk, agent or servant of any person, embezzles or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do anything of value which has been entrusted to him, or has come into his possession, care, custody or control by reason of his employment * * * he shall be punished as if he had been convicted of larceny.'' Sec. 5146, Rev. Gen. Stats. 1920.

''Whoever commits larceny by stealing the property of another, any money, goods or chattels, or any banknotes, bonds, promissory note, bill of exchange or other bill, order or certificate, or any book of account for or concerning money or goods due, or to become due, or to be delivered, or any deed of or writing containing a conveyance of land, or any other valuable contract in force, or any writ, process or public record, if the property stolen is of the value of twenty dollars or more, shall be deemed guilty of grand larceny, and upon conviction thereof shall

be punished by imprisonment in the State Penitentiary not exceeding five years, or in the county jail not exceeding twelve months, or by fine not exceeding one thousand dollars.''

''If the value of the property stolen as mentioned in the preceding section is under twenty dollars the offender shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding three hundred dollars.'' Secs. 5122, 5123, Rev. Gen. Stats. 1920.

''No offense committed, and no penalty and forfeiture incurred, prior to the taking effect of these Revised General Statutes shall be affected thereby, and no prosecution had or commenced, shall be abated thereby, except that when any · punishment, forfeiture or penalty shall have been mitigated by the provisions of these Revised General Statutes, such provisions shall apply to and control any judgment or sentence to be pronounced, and all prosecutions shall be conducted according to the provisions of law in force at the time of such further prosecution and trial applicable to the case.'' Sec. 5007, Rev. Gen. Stats. 1920.

Chapter 8565, Acts of 1921, which took effect upon approval May 11, 1921, amends Sections 5122 and 5123, Rev. Gen. Stats. so as to make larceny of property. of fifty dollars or more grand larceny, and the larceny of property of value less than fifty dollars, petit larceny.

The offense alleged having been committed prior to the amending act of May 11, 1921, though the prosecution was instituted after such statutory amendment, the prosecution was under Section 32, Article III of the Constitution, predicated upon Sections 5146, 5122 and 5123, Revised General Statutes, therefore the verdict is not erroneous as

matter of law, because it found the value of the property embezzled as charged in the 8th count to be "more than $20.00."

"The amendment of a criminal statute does not, under Section 32, Article III, Constitution of 1885, affect the prosecution or punishment of a crime committed before the amendment became effective, but as to such crimes the original statute remains in force." Whatley v. State, 46 Fla. 145, 35 South. Rep. 80. See also Ex Parte Pells, 28 Fla. 67, 9 South. Rep. 833; Mathis v. State, 31 Fla. 291, 12 South. Rep. 681; Raines v. State, 42 Fla. 141, 28 South. Rep. 57; Sigsbee v. State, 43 Fla. 524, 30 South. Rep. 816.

While the verdict finds the defendant guilty under counts from 1 to 8 inclusive, the judgment of conviction and sentence is confined to the eighth count. As the evidence does not clearly show that the money alleged in the eighth count to have been embezzled by the defendant, and found to be "more than $20.00," ever in fact came into his custody or possession, or under his control or was converted or secreted or withheld by him with intent to embezzle it, the judgment should be reversed for a new trial. Rast v. State, 79 Fla. 772, 84 South. Rep. 683. The same may be said as to the evidence under the other counts.

Reversed for a new trial.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.