JOHN F. DWYER, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

## Division A.

1. When a charge given by the trial court tends to reserve
   from the consideration of the jury a material question of
   fact upon which there is a conflict in the evidence, the giving
   of such charge is reversible error if the tendency of the
   charge is to mislead the jury.

2. In a prosecution for embezzlement under Sec. 5146, Rev.
   Gen. Stats., 1920, the question of whether or not the defend-
   ant received the property as the agent or servant of another
   is for the jury when the evidence on that point is conflicting.

3. To sustain a conviction for embezzlement when the charge
   is based upon Sec. 5146, Rev. Gen. Stats., 1920, it is essential
   that the conversion or disposition of the property shall have
   been "fraudulently" committed, and the charge of the court
   should include and cover that element, otherwise such charge
   is defective.

A Writ of Error to the Criminal Court of Record, Dade
County; Tom Norfleet, Judge.

Reversed.

*Price, Price, Neeley & Kehoe;* and *Pine, Cheetham & Ke-
hoe,* all of Miami, for Plaintiffs in Error;

*J. B. Johnson,* Attorney General, and *Robert R. Taylor,
Jr.,* County Solicitor of Dade County, for the State.

STRUM, J.—Plaintiff in error, hereinafter referred to as
the defendant, was convicted of embezzlement. The charge
was based upon Sec. 5146, Revised General Statutes 1920,
it being. charged that the defendant embezzled certain

moneys of one John Driscoll, of whom he, the said defendant, was then and there the agent and servant.

The prosecuting witness, Driscoll, and other witnesses for the State, testified in effect that the money was Driscoll's, and that Dwyer received it as the agent or representative of Driscoll. On the other hand, Dwyer testified in substance that he was not the agent or servant of Driscoll; that he did not come into possession of the money in question as the agent or servant of Driscoll, but that the money was his own and not Driscoll's. The defendant further contended that the State's evidence, if it showed the defendant guilty of offense at all, showed that he held the money, not as an agent or servant, but as a bailee or trustee of Driscoll's, as contemplated and denounced by Sec. 5143, Revised General Statutes 1920, and that the State's charge was therefore not sustained by the evidence.

Amongst other things, the Court charged the jury:

''The only question that you have to pass upon under the testimony in this case, is whether or not this defendant by reason of being the agent or servant of the prosecuting witness, Driscoll, came into possession of certain moneys, * * *. But the only question you have to pass on in this case is whether or not, acting as the agent or the servant of the prosecuting witness, Driscoll, the defendant, John F. Dwyer, came into possession of certain moneys and appropriated them to his own use; that he came into the possession of such moneys acting in his trust capacity, and then after coming into possession of the money, he either appropriated it to his own use or deprived the true owner of the same. That is the only question in it.

''There has been something said here about the defendant being a trustee. The testimony shows in all the features of the case that he has been designated in all the instruments filed in this case as trustee, but the Court instructs you that

under the testimony in this case the fiduciary relations existing between the prosecuting witness and the defendant was that of agent or servant, regardless of what it is called. He might have been designated trustee, but under the law, as the Court sees it, acting in the capacity in which he was acting under the agreement as testified to here by the witnesses in this case, the Court instructs you as a matter of law, that although he might have been designated as trustee, in law and in contemplation of this statute, it constitutes him the agent of the prosecuting witness.

"Then the only fact after that for you to pass on is whether or not, acting in such capacity as agent or trustee, he received and embezzled the money of the prosecuting witness."

The giving of the foregoing charge was assigned as error.

The quoted charge assumes the existence of a fiduciary relation between the defendant and the prosecuting witness, Driscoll, and informs the jury that such relation was "that of agent or servant, regardless of what it is called"; and that the agreement between them "in law and in contemplation of this statute (it) constitutes him the agent of the prosecuting witness."

It was no doubt the intention of the trial judge to charge the jury that if they believed from the evidence, beyond a reasonable doubt, that Dwyer was the agent of Driscoll and in that capacity received and fraudulently converted the money in question, the fact that the evidence may also establish an embezzlement in another capacity would not require an acquittal. See Barr v. State (Ala.), 65 South. Rep. 197; 20 C. J. 481. But the fault with the charge is that it tends to assume that Dwyer was in fact Driscoll's agent,—a fact which is controverted,—and does not submit that question to the jury for determination.

The effect of the charge was to reserve from the consider-

ation of the jury a material question of fact upon which there was a conflict in the evidence, namely, the existence *vel non* of a fiduciary relation between Driscoll and Dwyer. In view of the conflict in the evidence, that question should have been submitted to the jury for determination under appropriate instructions defining the relations alleged in the information. The function of the jury was therefore unduly limited by the charge upon which error is predicated.

Taken as a whole, the charge is also of doubtful sufficiency upon the question of the ownership of the money, a question which is also for the jury where there is conflict in the evidence on that point.

When a charge given by the trial court tends to reserve from the consideration of the jury a material question of fact upon which there is conflict in the evidence, the giving of such charge is reversible error if the tendency of the charge is to mislead the jury. Sec. 2696, Rev. Gen. Stats. 1920; Thomas v. State, 36 Fla. 109, 18 South. Rep. 331; Cook v. State, 46 Fla. 20, 35 South. Rep. 665; Pinson v. State, 29 Fla. 735, 9 South. Rep. 706; Southern Pine Co. v. Powell, 48 Fla. 154, 37 South. Rep. 570; Newberry v. State 26 Fla. 334, 8 South. Rep. 445.

In a prosecution for embezzlement under Sec. 5146, *supra,* the question of whether or not the defendant received the property as the agent or servant of another is for the jury when the evidence on that point is conflicting. Ray v. State (Ala.), 79 South. Rep. 620; 20 C. J. 488.

To sustain a conviction for embezzlement when the charge is based upon Sec. 5146, *supra,* it is essential that the conversion or disposition of the property shall have been "fraudulently" committed, and the charge of the Court should include and cover that element, otherwise such

charge is defective. Lewis v. State, 55 Fla. 54, 45 South. Rep. 998.

We have considered the quoted charge in connection with and in relation to all other charges given, but find nothing in such other charges to overcome the deficiencies pointed out.

WHITFIELD, TERRELL AND BROWN, J. J., concur.

ELLIS, C. J., AND BUFORD, J., dissent.