C. A. Skipper v. State.

153 So. 853.
Division A.
Opinion Filed March 21, 1934.
Petition for Rehearing Denied April 23, 1934.

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *J. C. Adkins,* State Attorney, for the State.

ELLIS, J.—C. A. Skipper was indicted in Highlands County on the charge of embezzlement of property alleged to belong to the Highlands County Bank in the sum of $15,000.00. The indictment contained four counts. The first count charged that the accused was the servant and agent of the bank, and that he embezzled "money, the property, goods and chattels" of the bank. That allegation was followed by a videlicet under which the words following were used:

"The sum of Fifteen Thousand ($15,000.00) dollars, currency of the United States of America, the denominations of which and a more particular description of which is to the Grand Jurors unknown, of the value of Fifteen Thousand ($15,000.00) Dollars, which said money, property, goods and chattels came into the possession, care, custody and control, of him the said C. A. Skipper by reason of his said employment as such agent and servant as aforesaid."

The offense was alleged to have been committed on October 17, 1931, and on divers dates and times between that date and the date of presenting the indictment.

The indictment was presented on May 15, 1933, and filed on that date.

The second count charged that the accused "did fraudulently convert to his own use" certain property belonging to the bank. The words under the videlicet varied slightly from those used in the first count, but the variation is immaterial. The third count charges the offense in practically the same language as the first, while the fourth count charges that the accused "did fraudulently conceal for his own use

certain property, money, goods and chattels," the description under the videlicet being the same.

The accused by his counsel moved to quash the indictment. The grounds were that it was vague and uncertain and did not sufficiently apprise the accused of the nature and cause of the accusation to enable him to prepare his defense; that it charged no offense punishable by law; that it was duplicitous; that date of the commission of the offense was not certain; that the statute under which the charge was made is not identified with sufficient certainty to enable the court to "render judgment" thereon, nor to protect the defendant from a subsequent prosecution. There were three other grounds to the motion going to the formality of the preparation of the indictment. The grounds were that it was not prepared by the State Attorney of the Nineteenth Judicial Circuit, the circuit in which the County of Highlands is located, nor was it signed by the "prosecuting" attorney of that circuit, nor was it signed by any person "authorized by law so to do."

The motion was denied. The defendant pleaded not guilty and went to trial which resulted in his conviction by the jury as charged; judgment and sentence followed. The sentence was to a period of three years confinement in the State prison at hard labor.

The trial began on the 11th day of July, 1933, nearly two months after the entry of the plea of not guilty. As the trial began the accused suggested that the judge of the court, Honorable W. J. Barker, was disqualified to sit in the cause because he was a depositor in the bank then defunct which was alleged to have been defrauded by the accused; that the judge carried the deposit account in the bank as guardian and that he was related by "consanguinity or affinity" to the person for whom he held the funds as

guardian in the bank; that under the provisions of Section 4152, C. G. L., the judge was disqualified because his interest was such as to disqualify one as a juror having such interest.

The court entered an order holding that the grounds upon which the suggestion of disqualification was made were insufficient; that Chapter 16053, Acts of 1933, repealed Section 4152, C. G. L., and because the existence of the guardianship account was brought to the attention of counsel for the accused more than six weeks before the date on which the suggestion of disqualification was made and the same was not filed within thirty days, therefore after the accused through his counsel knew of the alleged grounds for disqualification as required by the law.

The action of the court in this regard constitutes one of the many questions of law, according to the brief of counsel for plaintiff in error, that is involved in this case.

The suggestion of disqualification does not state within what degree of relationship the judge stands to the person for whom he carried the account in the bank as guardian. The suggestion assumes that the person for whom the account was carried was interested in the result of the case, or was a party in the cause. It is asserted that the judge was interested in the cause under the provision of the statute named, Section 4152, *supra*, but there is no allegation as to what constitutes the alleged interest. The allegation that he is related by "consanguinity or affinity" within the "prohibited degrees" to the person for whom he holds as guardian is another ground; but it is not stated that such person is a party in the cause or is interested in the result thereof. There is no allegation of fact in the suggestion that would disqualify the judge as a juror if he were a citizen subject to jury duty.

The interest which disqualifies a judge is a property interest in the action or its result. *Ex parte* Harris, 26 Fla. 77, 7 South. Rep. 1; Power v. Chillingworth, 93 Fla. 1030, 113 South. Rep. 280.

Section 2525, R. G. S., 1920, which provided that no judge shall sit in a cause in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties was amended by Chapter 10165, Acts of 1925, whch became Secton 4152, C. G. L., *supra.* The Act of 1925 omitted those provisions of Section 2525, R. G. S., *supra,* relating to a judge's disqualification to sit in a cause in which by reason of interest he would be excluded from being a juror but substitutes other language declaring his disqualification if he is interested in the result of the cause or is related by consanguinity or affinity to a party who is interested. The interest which disqualifies had been held to be a pecuniary or property interest. See Ochus v. Sheldon, 12 Fla. 138; *Ex parte* Harris, *supra;* Power v. Chillingworth, *supra.*

As early as 1899 in the case of Bryan v. State, 41 Fla. 643, 26 South. Rep. 1022, this Court held that the grounds which disqualify judges and jurors are not coextensive under the statute. That rule obtains now. The interest which disqualifies a judge is a property interest, but a juror's interest may arise in many ways other than by way of property or pecuniary considerations.

The suggestion of disqualification was too uncertain and indefinite even under the provisions of Section 4152, C. G. L., *supra,* as to the interest held by the judge in the cause to constitute a valid ground for the judge's disqualification.

Chapter 16053, Acts of 1933, is a revision of the subject of disqualification of judges. The Act expressly repeals Section 4152, C. G. L., and requires the suggestion of dis-

qualification to be filed within thirty days after the party or his attorney of record learns of such disqualification and if that requirement is not observed the "disqualification shall be taken and considered as waived" under the language of the Act. .

In the case of State, *ex rel*. Mickle v. Rowe, 100 Fla. 1382, 131 South. Rep. 331, the cause in which the judge was held to be interested was a civil one. The case was decided in 1930 and Section 4152, C. G. L., was under consideration as the law which was applicable in the case. The judge was held to have a pecuniary interest in the civil litigation between two corporations because he was a depositor and therefore creditor of the Merchants Bank & Trust Company, one of the parties. The opinion prepared in the case shows that the pecuniary interest in the result of the litigation which will disqualify a judge is one of quality rather than degree. If the bank won in the controversy the security for the judge's deposit would be enhanced; if it lost it would be decreased. So, regardless of the amount of the deposit, his interest was of a property or pecuniary nature or quality.

"The cold neutrality of an impartial judge" about which much is said in the books is assumed to be disturbed by a pecuniary interest which renders his position analogous to that of a judge sitting in his own cause, a situation which has offended a right sense of justice since the days of Lord Coke, who said that the maxim was a natural right so inflexible that an Act of Paliament seeking to subvert it would be declared void. The observance of that maxim is dictated by an enlightened public policy, but the distinction has been recognized in many jurisdictions including this one, between a property or pecuniary interest and such an interest as results from a feeling of sympathy such as would disqualify

a juror. To hold that a judge is disqualified because of sympathy or a feeling akin to it that arouses a metaphysical interest would carry the doctrine to an absurdity. It is very doubtful if any right-thinking jurist, with the emotions and feelings of a normal man, ever tried a case of murder, arson, robbery or any heinous crime but that he experienced a sense of regret, sorrow or some emotion akin to sympathy for the accused. Such a feeling may be so strong in a juror as to disqualify him, but it does not and should not disqualify the judge.

There was no error in the court's order declaring himself to be qualified.

The motion to quash the indictment presents a more difficult question. The indictment was seemingly framed with the view of bringing it within the terms of several sections of the Compiled General Laws, or either of them.

The two questions affecting the indictment as stated in the brief were: Was it sufficient as to certainty of the statute under which the offense was charged; was it sufficiently certain as to the date on which the alleged offense was committed?

Much is said in the brief of counsel for the plaintiff in error as to the inapplicability of certain sections of the statute, but in the view we have of the case it is unnecessary to discuss those questions as the provisions of Section 7247, C. G. L., are applicable to the first three counts of the indictment. The first and third counts are practically identical, while the second count charges a fraudulent conversion of the property.

The difficulty is with the fourth count, which does not charge that the accused was an agent, servant or officer of the bank, nor that the property which he is charged with concealing came into his possession as agent or employee of

the bank, which is necessary to bring the accusation within the purview of Section 7247, *supra;* nor does it allege that the property concealed belonged to and was in possession of the bank or belonged to a person other than the bank but was on deposit there, as the language of Section 7249, C. G. L., contemplates; nor does the count allege that the accused was the president, cashier, director, teller, clerk or agent of the bank as the language of Section 7251, C. G. L., requires.

That count charges that the accused concealed for his own use property of the bank which had been delivered to him by the Nocatee Crate Company. It does not allege that he was in anywise connected with the bank as officer or agent. The allegation does not negative the idea that the accused was asserting an interest in the property or the ownership of it. The language is not within the purview of the language of either Section 7247 or Section 7249, C. G. L.

That count, however, upon the conclusion of the State's evidence, was abandoned and counsel for the plaintiff in error in his "history of the case" as contained in the brief admits that it was done. The court so instructed the jury and directed that they confine their consideration of the case to the first, second and third counts of the indictment. The court stated that the first count charged "embezzlement," the second "criminal conversion" and the third combines the two, "embezzlement and conversion."

The necessity for the distinction between the first and second counts is not apparent as each count sufficiently charged the offense denounced by Section 7247, *supra.* Nor was the third count any more effective to describe the offense than either the first or the second. In fact, it charges that "property" was embezzled which in the videlicet was described as "currency of the United States." The

first count charged that "money" was embezzled which in the videlicet was described as "currency of the United States" and the second count charged fraudulent conversion by the accused to his own use of "property" which in the videlicet was described as "currency of the United States." So each count of the indictment charged an offense under Section 7247, *supra*.

Under that statute any officer, agent, clerk, servant or member of an incorporated company or co-partnership or clerk, agent or servant of any person, who embezzles or fraudulently disposes of or converts to his own use or takes or secretes with intent so to do anything of value which has been entrusted, or which has come into his possession, care, custody or control by reason of his office, employment or membership in the corporation or partnership commits the offense denounced by the statute.

The gist of the offense under that section is a breach of trust. See Tipton v. State, 53 Fla. 69, 43 South. Rep. 684.

The statute is discussed in Dwyer v. State, 93 Fla. 777, 112 South. Rep. 62; Murray v. State, 93 Fla. 706, 112 South Rep. 575; Thomas v. State, 36 Fla. 109, 18 South. Rep. 331; Neal v. State, 55 Fla. 140, 46 South. Rep. 845.

If the offense under the statute is alleged in a general way as our statute permits a bill of particulars is proper to be furnished. See Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938.

Either one of the three counts of the indictment therefore was quite sufficient to charge the offense under the statute. No bill of particulars was essential under either count and none was insisted upon in the brief nor requested before the trial.

The criticism that Section 7247, *supra,* does not apply

to the offense of embezzlement by an agent or employee of the bank is not well taken.

The attack upon the indictment that it was not signed by the State Attorney for the Nineteenth Circuit is not well taken. See Section 4743, C. G. L. While the indictment is signed by Honorable J. C. Adkins, as acting State Attorney, which would be the appropriate language under the provisions of Section 4755, C. G. L., it appears that he was in fact proceeding under the authority of an executive order as provided for by Section 4743, *supra*.

This brings us to consideration of the questions whether the evidence was sufficient to sustain the verdict and whether the charges objected to were appropriate and whether the indictment was too vague in the matter of laying the date on which the alleged offense was committed. The language of the indictment was that the accused "on the 17th day of October, A. D. 1931, and on divers dates and times between the said 17th day of October, A. D. 1931, and the date of presenting and filing of this indictment" did embezzle, etc.

Disposing of that question first which was presented by the motion to quash the indictment we must determine whether in a case of this kind a date on which an embezzlement is alleged to have been committed may be uncertainly stated as was done in this case as having been committed on a day certain "and on divers dates and times" between that certain date "and the date of presenting and filing of this indictment" which later date was one year, six months and twenty-eight days after the date certain named in the indictment which was presented and filed on May 15, 1933. The date certain named in the indictment was October 17, 1931.

The allegation is that during the entire period of time elapsing between the 17th day of October, 1931, and on the several dates between that time and May 15, 1933, on which the embezzlement was committed by the accused he was "then and there the servant and agent of the Highlands County Bank." The meaning of that language is that during that time, when the property of the bank was in the custody of the accused having been entrusted to him as its agent, he converted it to his own use, he was the servant and agent of the bank whether the actual appropriation of the property or its proceeds occurred on any date between the first date named and the date of filing the indictment.

If he received the property on the date first named and afterwards on another date before the filing of the indictment converted the property to his own use, or if the conversion consisted of a series of appropriations until any part of it or the whole was applied to his own use he was guilty of embezzlement.

The objection to the indictment therefore goes not to its substance but to its form in the matter of the allegation of the date on which the alleged offense was committed. A specific date was alleged in the indictment, the same being the 17th day of October, 1931, but the contention is that the use of the words "and on divers dates and times between the said 17th day of October, A. D. 1931, and the date of presenting and filing of this indictment" introduced such an element of uncertainty as to render the charge too vague to enable the accused to defend against it, if indeed the words did not render it void for uncertainty.

Allegations of date on which the offense is charged to have been committed are of substance and not of form. See Pickeron v. State, 94 Fla. 268, 113 South. Rep. 707.

That doctrine was qualified in that case, however, by the

statement that it applies where the defectively alleged date involves a matter of substance.

The statutory bar had not run. See Savage v. State, 18 Fla. 970; Plummer v. State, 83 Fla. 689, 92 South. Rep. 222.

Indictments for embezzlement must allege the time at which the offense was committed but the exact time need not be alleged and it is sufficient to show that the offense was committed within a period not covered by the statute of limitations. 7 Ency. Pl. & Prac. 444.

The time at which the accused received the thing of value which he is accused of embezzling need not be alleged. See Thalheim v. State, *supra.*

The indictment in this case specifically names a date on which the embezzlement was alleged to have been committed. Section 8373, C. G. L., 1927, limits the time after that date within which evidence may be given to the embezzlement committed. Thalheim v. State, *supra.*

So much of the indictment that alleges the embezzlement to have been committed after the date named was surplusage and could not have embarrassed the defendant in the preparation of his defense as he was protected by the statute above mentioned.

The indictment being in the general language of the statute presented a case in which a bill of particulars should have been furnished on request if counsel had deemed it worth while.

The language of the indictment and the provisions of the statute, Sec. 8373, *supra,* had the effect of presenting an allegation of embezzlement occurring between the 17th day of October, 1931, and during a period of six months from that date.

A charge that embezzlement was committed between two

given dates is sufficient. See Bridges v. State, 103 Ga. 21, 29 S. E. Rep. 859; 20 C. J. 481.

It is contended that the court's charge that venue need not be proved beyond a reasonable doubt but that the evidence must be such that the venue may be reasonably inferred was harmful error. The indictment charged the offense to have been committed in Highlands County.

The point has been decided a number of times by this Court contrary to counsel's contention. See Bryan v. State, 19 Fla. 864; Hopkins v. State, 52 Fla. 39, 42 South Rep. 52; Lowman v. State, 80 Fla. 18, 85 South. Rep. 166.

We have examined the evidence in the case as presented to us by the bill of exceptions and find no support for the contention that it was not sufficient to support the verdict.

The defendant received from the Highlands Bank, a corporation of Florida, several promissory notes for $15,000.00 each on October 17, 1931. One of the notes was dated May 13, 1929, and executed by Russ Lumber Company and payable to the order of DeSoto Land & Lumber Company July 1, 1933. The note had been deposited with the bank as collateral security. The defendant received the note in Sebring, Highlands County, Florida. For that note the accused obtained from the Nocatee Crate Company six notes for $2,500.00 each. Those notes the accused by various transactions caused to be collected, a large part of the proceeds from which were deposited by him in the Highlands Bank to the credit of the Sebring Land Company. The bank never receiving payment of either the $15,000.00 nor the six $2,500.00 notes into which he caused it to be divided. The evidence is voluminous and tends to show the various transactions through which the accused finally obtained and conveyed the proceeds of the security with which he had been entrusted.

Finding no error in the record, the judgment is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.