### STATE, ex rel. WEISS v. BUCHANAN, Sheriff.
No. H.C.2531.

Circuit Court, Dade County.

November 16, 1964.

Guilmartin & Bartel, Miami, for petitioner.

Richard E. Gerstein, State Attorney, and Roy S. Wood, Assistant State Attorney, for respondent.

HENRY L. BALABAN, Circuit Judge.

*Order of remand:* This cause comes on to a final hearing on the petition, the writ, and the return thereto by the respondent. The state of Ohio seeks the extradition of Mark M. Weiss, petitioner herein, on an indictment returned by the grand jurors of Cuyahoga County, Ohio, at the January Term 1963, in the court of common pleas of said county and filed with the clerk of said court on the 16th day March, 1964.

The indictment alleges in the first count that Mark M. Weiss, during the period of time between June 5th, 1962, and June 30, 1962, at the county aforesaid,

" . . . not then being nor having been personally present in the State of Ohio and not presently or previously being or having been a fugitive from justice of the State of Ohio, did, by use of the United States Mail, in the City of Miami, County of Dade, State of Florida, commit acts in the State of Florida intentionally resulting in a crime in Cuyahoga County in the State of Ohio and did unlawfully, knowingly and intentionally sell, cause to be sold, offer for sale or cause to be offered for sale to Walter Owczarek, then and there a a resident of Cuyahoga County, Ohio, a certain security, to wit: an oil and gas lease on a forty acre tract of land in Otero County, in the State of New Mexico, for the price of $400.00, which said security was not then and there registered by description or by qualification with the Division of Securities of the State of Ohio and which said security did not then and there constitute the subject matter of a transaction registered by description, nor constitute an exempt security, nor was said transaction then and there exempt, pursuant to the provisions and requirements of sections 1707.01 to 1707.45 and 1707.99 inclusive, and particularly sections 1707.01, 1707.02, 1707.03, 1707.05, 1707.06, 1707.07, 1707.08, 1707.09, 1707.10, 1707.13, 1707.44, and 1707.99 of the Revised Code of the State of Ohio, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

The same charge is made in nine other counts as to the sale or offer for sale of similar securities to different persons.

On this indictment the prosecuting attorney of Cuyahoga County made his application to the governor of Ohio for his demand on the governor of Florida for the rendition of Mark M. Weiss, and the governor of Florida on the 30th day of March, 1964, issued his executive rendition warrant for the arrest and rendition of Weiss. This rendition warrant was sent by the governor of Florida to T. A. Buchanan, the sheriff of Dade County, respondent herein, and on it the respondent arrested Weiss, the petitioner herein. Annexed to the executive rendition warrant were copies certified by the secretary of state of the state of Florida of the demand of the governor of Ohio and of the documents attached to such demand including the aforesaid indictment.

Upon his arrest, Weiss, through his counsel, brought his petition for habeas corpus, which is now before the court and the writ herein was issued. The respondent sheriff by his return

to the writ sets up that he holds petitioner in custody under the authority of the executive rendition warrant and attached to his return certified copies of the rendition warrant and of the demand of the governor of Ohio on the governor of Florida and of the documents attached to the said demand.

The petitioner attacks the lawfulness of his restraint by the respondent, charging that the extradition papers do not comply with §941.06, F.S., providing for the surrender on demand of a person charged in the demanding state with committing an act in this state or a third state intentionally resulting in a crime in the demanding state. Petitioner charges — notwithstanding the allegations in the indictment and the recitations in the demand and the rendition warrant — that he is charged with being a fugitive from justice, and that because he was not in the state of Ohio he cannot be extradited as a fugitive. Respondent contends that it is apparent from the indictment, from the demand of the governor of Ohio, and from the executive rendition warrant issued by the governor of Florida that petitioner is not sought as a "'fugitive from justice" but is properly demanded under provisions of §941.06, F.S., as one who not being present in the state of Ohio committed acts in the state of Florida intentionally resulting in a crime in the state of Ohio.

Petitioner also contends that he is not substantially charged with a crime by the indictment under consideration.

It is stipulated by and between counsel for the parties herein that petitioner was not personally present in the state of Ohio at the time alleged in the indictment, indeed that he has never been in the state of Ohio.

The court finds that the governor's rendition warrant, to which is annexed the demand of the governor of Ohio and copies of the documents certified by the governor of Ohio in his demand as authentic, complies with the requirements of §941.06, F.S., and that petitioner is demanded by the governor of Ohio and his rendition ordered by the governor of Florida not as the ordinary "fugitive from justice" but as a person who, though not being personally present in the demanding state, committed acts in the state of Florida intentionally resulting in a crime in the state of Ohio, and the court finds that the rendition warrant and the demand of the governor of Ohio comply with the law in that respect. This finding takes into consideration the references to the petitioner, as a fugitive from justice in the application of the prosecuting attorney of Cuyahoga County, Ohio, and in the demand of the governor of Ohio — such references and the use of

the words "fugitive from justice," or like words, do not change the character of the proceeding, and may be treated as surplusage.

The court also finds that the petitioner is adequately charged in the indictment as against the contention that the dates named therein, "between June 5th, 1962, and June 30, 1962," make the indictment fatally defective. The Supreme Court of Florida in Skipper v. State, 153 So. 853, at page 858, paragraph 17, specifically held that the charging of an offense as between certain dates is sufficient.

Petitioner also contends that a person cannot be tried in Cuyahoga County, Ohio, when he was not there when the crime was committed. This contention is rejected under the authority of 42 A.L.R. 272, at page 274, where the principle is laid down that a person may be tried and convicted in a jurisdiction or venue where he was not personally present when the crime was committed if he did acts elsewhere which amounted to a crime in the said jurisdiction or venue where the crime was committed. The text cites Simpson v. State, Ga., 17 S.E. 984, 22 L.R.A. 248.

The petitioner also contends, which contention the court rejects, that the indictment does not charge an offense against the laws of Ohio. The court finds substantially the same indictment approved by the Ohio Court of Appeal for Cuyahoga County in State v. Hirsch, reported in 131 N.E.2d 419, at pages 421 and 422.

The court has been favored by thorough and exhaustive research and argument by counsel in this case and has made its own research and has carefully considered all of the points raised by petitioner in his attack on the extradition documents and on the lawfulness of his detention by the respondent, and is of the opinion that the extradition documents are in order and justify and require the rendition of petitioner.

Thereupon, it is considered, ordered and adjudged that the petitioner be, and he hereby is, remanded into the custody of the respondent for rendition to the agents of the state of Ohio provided, however, that petitioner is given leave to appeal and that respondent is not to physically surrender petitioner to the agents of the state of Ohio until such appeal, if taken, is disposed of or until notified by petitioner, or his counsel, that no such appeal will be taken and provided that such appeal is taken within the period of thirty days as provided by the statute, and it is further ordered and adjudged that the writ of habeas corpus be, and it hereby is, quashed, and the petition therefor dismissed.