292 So.2d 370 (1974)
John GLASGOW and Conrad Maurice Farmer, Appellants,
v.
STATE of Florida, Appellee.
No. 73-56.
District Court of Appeal of Florida, Fourth District.
April 5, 1974.
Joseph A. Varon of Varon, Stahl & Kay, Hollywood, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellants were jointly charged with conspiracy to commit bribery, and additionally, appellant-Glasgow was charged with three offenses of bribery. On non-jury trial, appellants were found guilty on all charges and have appealed from the resulting judgments and sentences.
The count alleging the conspiracy consisted of a single sentence containing the following conclusionary allegation:
"... that [appellants] between the 6th day of February, A.D. 1972, and the 15th day of February, A.D. 1972, in the County and State aforesaid, did unlawfully agree, conspire, combine or confederate with each other to commit a felony, to-wit: Bribery upon one F. Wood, contrary to F.S. 833.04."
It is our view that the allegations of this count were insufficient as a matter of law, State v. Smith, Fla. 1970, 240 So.2d 807; State ex rel. Kelly v. Whisnant, Fla. 1955, 80 So.2d 611, and therefore it was error to deny appellant's motion to dismiss this count of the information.
We have considered the other two points raised by appellant-Glasgow and find them to be without merit. Specifically, as to Point III, it is clear that the conduct of the public official which appellant-Glasgow sought to influence was within the scope of the officer's legal duties, i.e., his on-going investigation of vice activities in Broward County, Florida. Nell v. State, Fla. 1973, 277 So.2d 1, upon which appellant relies, involved conduct outside the official capacity of the public officer to perform, and is thus readily distinguishable. The facts in the instant case are *371 substantially similar to those found in Zalla v. State, Fla. 1952, 61 So.2d 649, in which a conviction for bribery was affirmed.
The judgments and sentences as to appellants-Farmer and Glasgow on the charge of conspiracy to commit bribery are reversed. The judgments and sentences as to appellant-Glasgow on the charges of bribery are affirmed.
Affirmed in part; reversed in part.
CROSS and DOWNEY, JJ., concur.