344 So.2d 863 (1977)
STATE of Florida, Appellant,
v.
William BARNETT, Appellee.
No. 76-1136.
District Court of Appeal of Florida, Second District.
February 18, 1977.
*864 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Robert R. Hagaman of Schryver, Hagaman & Aaron, Chartered, Naples, for appellee.
GRIMES, Judge.
This is an appeal from an order dismissing an indictment which was returned by the statewide grand jury and filed in Lee County.
The indictment reads as follows:
"THE GRAND JURORS OF THE STATE OF FLORIDA, pursuant to the authority vested in them by Florida Statutes 905.34, inquiring in and for the body of the County of Lee, State of Florida, other counties in the State of Florida, and elsewhere, having been duly empaneled by Order of the Supreme Court of Florida on December 18, 1974, upon their oaths present that RONNIE P. LONG of Hendry County; EDWARD SALEM of Dade County; ROBERT TOLAR of Hendry County; WILLIAM BARNETT of Collier County; JOHN SHEPPARD of Collier County; CORNELIUS McGILLICUDDY, JR., a/k/a CONNIE MACK, JR. of Lee County; GLENN DeVORE of Lee County; between the 1st day of October, 1975, and the 18th day of January, 1976, in the County of Lee, State of Florida, and in the County of Collier or Dade or Hendry, State of Florida, did unlawfully and feloniously engage in a common bookmaking scheme with three (3) or more persons, contrary to Section 849.25(3), Florida Statutes, in such case made and provided and against the peace and dignity of the State of Florida."
The indictment is subject to several criticisms. In the first place, it is woefully short of facts. Section 849.25, Florida Statutes (1975) reads in part:
"849.25 `Bookmaking' defined; penalties. 
(1) As used in this section, the term `bookmaking' shall be deemed to be the taking or receiving of any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man, beast, fowl or motor vehicle.
* * * * * *
(3) Whoever engages in bookmaking to the extent that in any one day he receives or accepts more than five bets or receives bets totaling more than $500, or engages in a common bookmaking scheme with three or more persons, is guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084... .
* * *"
Thus, it is apparent that the seven defendants have been charged simply by tracking the language of the statute without the allegation of any facts or circumstances concerning how the crime was allegedly committed. Yet, Fla.R.Crim.P. 3.140(d)(1) on the subject of indictments and informations specifies that each count "upon which the defendant is to be tried shall allege the essential facts constituting the offense charged." In determining that an information failed to advise the accused as to what charge he was required to defend against, our Supreme Court in Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143, 144 (1945), included the following quotation:
"`The principal rule, as to the certainty required in an indictment may, I think, be correctly laid down thus: that where the definition of an offence whether by a rule of the common law or by statute, includes generic terms (as it necessarily must) it is not sufficient that the indictment should charge the offence in the same generic terms as in the definition, but it must state the species  it must descend to particulars.'"
*865 More recently, in State v. Whisnant, 80 So.2d 611 (Fla. 1955), the Supreme Court held invalid an information which charged a conspiracy to transmit racing information for illegal gambling purposes in essentially statutory language. The court said:
"In the case at bar failure of allegations did not concern technical or matters of common knowledge. The trial judge considered them such as made it impossible for defendants to prepare their defense. The place of the crime attempted to be alleged, that is to say the conspiracy, what the conspiracy consisted in, what race track was in the mind of the conspirators, what race or races were involved, what day or days were said races to be run. Certainly enough of these facts should have been set out in the information to charge the conspiracy. The essential allegations of fact or circumstances as contemplated by the Declaration of Rights is lacking."
The allegations concerning the time of the offense also present problems. On this point, Fla.R.Crim.P. 3.140(d)(3) states:
"(3) Time and Place. Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged."
Informations alleging the commission of an offense "on or about" a specific date have been upheld. Sparks v. State, 273 So.2d 74 (Fla. 1973). Our courts have also recognized that some crimes by their nature may be accomplished over a substantial period of time. Thus, the Supreme Court in Collier v. State, 116 Fla. 703, 156 So. 703 (1934), upheld an indictment for the conduct of a lottery alleged to have occurred on July 29, 1933, and "at divers times between July 1, 1933, and July 29, 1933." See also Skipper v. State, 114 Fla. 312, 153 So. 853 (1934). On the other hand, the court in State v. Dayton, 215 So.2d 87 (Fla.3d D.C.A. 1968), held insufficient an information which alleged that the defendants had conspired to commit grand larceny between April 1, 1965, and February 24, 1967, because there were no allegations that the conspiracy was of a continuing nature throughout the period. In Glasgow v. State, 292 So.2d 370 (Fla.4th D.C.A. 1974), an information charging a conspiracy to commit bribery between February 6, 1972, and February 15, 1972, was held insufficient as a matter of law.
The common bookmaking scheme with which appellant is charged is somewhat akin to conducting a lottery in the sense that it could occur over a period of time, and it has some similarities to a conspiracy since it involves three or more persons. Yet, there is nothing in the indictment which states that the crime was continuing during the specified period or commenced at the beginning of the period and was not accomplished until the end. According to the wording of the indictment, the appellant would appear to have to be prepared to defend against proof that he was engaged in a common bookmaking scheme on any single day between October 1, 1975, and January 18, 1976.
Finally, the manner in which the venue of the crime is alleged is confusing. Perhaps this occurred because the indictment was a product of the statewide grand jury and an effort was being made to avoid the problems discussed in our recent decision in State v. Barnett, 339 So.2d 1159 (Fla.2d D.C.A. 1976). Be that as it may, it is essential for an indictment to state the county within which the offense was committed. Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931). The alleging of venue in the alternative is awkward because, absent a change of venue, appellant should be tried in the county where the crime is supposed to have occurred.
Indictments and informations should be upheld if they are in substantial compliance with the law. Barber v. State, 52 Fla. 5, 42 So. 86 (1906). Therefore, especially in view of the availability of a statement *866 of particulars, it may be that no one of the deficiencies discussed above would, by itself, require the dismissal of the indictment. Yet, when the indictment is viewed in its entirety, we believe the court properly concluded that it was so vague as to prejudice the defendant in his ability to prepare a proper defense.[1] Fla.R.Crim.P. 3.140(o). See Robinson v. State, 69 Fla. 521, 68 So. 649 (1915).
AFFIRMED.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] We do expressly reject the trial court's conclusion that the indictment was invalid on its face because it failed to allege the jurisdiction of the statewide grand jury. The court's reasoning was predicated on the fact that the indictment reflected that the statewide grand jury had been impaneled on December 18, 1974, and there was no statement that this grand jury was lawfully entitled to issue this indictment at a time beyond the original twelve month term of the grand jury prescribed by Sec. 905.33, Fla. Stat. (1975). We believe the indictment carried with it a presumption of validity and that it would be a matter of defense to show that the necessary six months' extension of the grand jury's term provided by the statute had not been obtained. See English v. State, 31 Fla. 340, 12 So. 689 (1893).