360 So.2d 142 (1978)
Theron BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1233.
District Court of Appeal of Florida, Second District.
June 28, 1978.
Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Is a grand jury indictment insufficient to sustain a conviction when it fails to specify the place where the crime allegedly occurred, even though this allegation is subsequently supplied by a bill of particulars, the defendant is not hindered in the preparation *143 or presentation of his defense, and the situs of the crime is proven at trial?
On authority of Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931), we reverse appellant's conviction and hold such an indictment fatally defective; however, we certify the question to the Supreme Court of Florida.
Appellant was charged by indictment with murder in the first degree.[1] The caption of the indictment named the circuit court for Hernando County; the body of the indictment read as follows:
The Grand Jurors of the State of Florida, duly called impaneled and sworn to inquire and true presentment make in and for the body of the County of Hernando, and inquiring into the facts and circumstances surrounding the death of CARRIE BELLE BLACK, on their oaths do present and charge that THERON BLACK, did, on the 9th day of May, 1976, in violation of Florida Statute 782.04, unlawfully and perpetrated from a premeditated design to effect the death of the person killed, or any human being, did kill and murder CARRIE BELLE BLACK, a human being, by shooting her with a firearm, a more particular description being to this Body unknown.
A month after the indictment was returned, appellant's attorney filed a motion for a statement of particulars, asking the state to furnish "the exact time, date and place of the alleged crime." In response to that motion, the state filed a statement of particulars stating that "the offense occurred on May 9, 1976 approximately 10:14 a.m. at the residence of Theron and Carrie Lee Black, Route 8, Box 12Y, Brooksville, Hernando County, Florida."
Three months later, represented by new counsel, appellant filed a motion to dismiss the indictment on the grounds that (1) the indictment was void in that it stated no offense against the laws of the State of Florida; (2) the indictment was void in that it failed to allege the county in which the offense occurred; and (3) the indictment was so vague and indefinite that the defendant was unable to respond thereto. After a noticed hearing, not attended by appellant's counsel, the trial judge entered an order denying the motion to dismiss.[2] Thereafter, the state filed a demand for notice of alibi in which it stated that appellant was charged with the commission of the crime of murder, "said crime having taken place at the residence of Theron and Carrie Lee Black, Route 8, Box 12Y, Brooksville, Hernando County, Fla."
One month following the demand for notice of alibi, appellant was brought to trial. At trial it was clearly established that the crime occurred in Hernando County, Florida. The jury found appellant guilty of murder in the second degree, and the trial court sentenced him to 99 years imprisonment.
Appellant seeks reversal of his conviction solely on the ground that it was void because the body of the indictment did not allege the state and county where the crime occurred. For reasons hereinafter expressed, we are compelled to agree with appellant's position and reverse his conviction.
Fla.R.Crim.P. 3.140(d)(3) specifically provides that each count of an indictment shall state as definitely as possible the place of the commission of the offense charged. Here, the indictment clearly was defective in failing to allege the place where the crime was committed. Thus, we must determine whether this omission was a fatal defect in the indictment and one which was not cured by the statement of particulars and the evidence at trial which did establish the venue.
Appellant relies on Rimes v. State, supra, for reversal. In Rimes a grand jury charged "that Wilbur Rimes on the 4th day of August A.D. 1929, did unlawfully and feloniously desert his lawful wife, Virginia *144 Rimes, and his lawful child, Thomas H. Rimes." The indictment contained no allegation as to where the crime occurred. A jury returned a verdict of guilty and judgment was entered by the trial court upon that verdict. Before trial defendant Rimes had moved to quash the indictment, but his motion was denied. In reversing Rimes' conviction, the court said, "[I]n order to charge one with the commission of a criminal offense in this state, the indictment must charge the time, place and acts done, or omitted, by the accused which constitute the offense." The court went on to say that venue concerned substance and not form, and failure to make such an allegation rendered the indictment fatally defective.[3]
While Rimes appears controlling, we note that the specter of double jeopardy was of great concern to the court in its holding. 133 So. at 551. We do not believe that in the instant case serious contention could be made that appellant is subject to double jeopardy. First, this was a homicide case and the identity of the victim was clearly established. Second, in any consideration of a plea of double jeopardy the transcript of the evidence at trial would be available, thus the issue of double jeopardy would not have to be determined solely upon the accusatory document and other pleadings in the cause. Section 92.10, Florida Statutes (1977). See also Note, Indictment Sufficiency, 70 Colum.L.Rev. 876 at page 885 (1970).
Nor has appellant argued that he was hindered in the preparation of his defense by the deficiency in the indictment. As noted above, the state filed an adequate statement of particulars as to the date, time, and specific place of the crime charged, and these details were reiterated in the state's demand for notice of alibi.
Quite obviously, the defect in the indictment could have and should have been corrected by further proceedings of the grand jury by either amending the indictment or returning a new indictment. A statement of particulars cannot cure fundamental defects in an indictment. Middleton v. State, 74 Fla. 234, 76 So.2d 785 (1917); Kittleson v. State, 152 Fla. 242, 9 So.2d 807 (1942); Kelly v. State 92 So.2d 172 (Fla. 1957); Annot., 10 A.L.R. 982 (1921); cf., Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977).
The state argues that appellant waived this defect because his counsel did not attend the hearing on the motion to dismiss. We cannot accept this argument. Appellant properly challenged the indictment, contending it was void in failing to allege the county of the offense. This was sufficient.
Although the supreme court's holding in Rimes appears controlling, we now review the two decisions which the state argues show a departure from earlier rules as to the sufficiency of an indictment or information and would allow this court to affirm appellant's conviction.
The first of these is Sparks v. State, 273 So.2d 74 (Fla. 1973), in which the supreme court abandoned the common law rule that use of the words "on or about" in stating the time of the commission of the offense in an information or indictment is insufficient. In its decision, the court said, "[b]ecause of the availability of a motion for statement of particulars in our discovery proceedings, defendant is no longer in the position of having to prepare a defense just from the four corners of the indictment or information." We do not view the decision in Sparks as a receding by our supreme court from its early rule that an allegation of the place where the crime was committed is essential to charge an offense against the laws of this state. We note that the information *145 in Sparks did not totally lack a statement as to when the crime allegedly occurred; it simply dealt with the sufficiency of the inexact allegation of time as stated.
The other case cited by the state is this court's recent decision in State v. Barnett, 344 So.2d 863 (Fla. 2d DCA 1977). In Barnett we considered an indictment handed down by a statewide grand jury which was defective in several respects. In alleging the place of the commission of the offense, three counties were named in the disjunctive; that is, "in the county of Collier or Dade or Hendry." In disapproving that allegation, we reiterated the rule that it is essential for an indictment to state the county within which the offense was committed, citing Rimes v. State, supra. In discussing the collective defects in the indictment considered in Barnett, we alluded to the rule that indictments and informations should be upheld if they are in substantial compliance with the law, and said that "[t]herefore, especially in view of the availability of a statement of particulars, it may be that no one of the deficiencies discussed above would, by itself, require the dismissal of the indictment." Our opinion in Barnett does not represent a departure from the rules which we here adhere to.
In Barnett, as in Sparks, there was not a total failure to state an essential allegation in the indictment, but only a failure to make the allegation as specific as it could have been.
Courts continually re-evaluate some matters in the criminal law which historically were required to be alleged with great precision. For example, in Lopez v. State, 106 Fla. 361, 143 So. 303 (1932), the court reversed a defendant's conviction of breaking and entering a store building with intent to commit a felony because the information did not state the name of the owner of the building with accuracy. There the allegation as to ownership said:
[A] store building of the Independent Wholesale Grocery, Mulberry, Florida, which said Independent Wholesale Grocery is owned by Mutual Stores, Inc.
The court found this statement to be insufficient to allege that Mutual Stores, Inc. owned the building that had been broken into.
Again, in Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (Fla. 1946), information in a breaking and entering case charged that the building entered was "the property of Harold McGluckin." At trial it developed that the building was not the property of Harold McGluckin, but rather belonged to McGluckin Liquor Stores, Inc. The trial judge permitted the prosecutor, over objection, to amend the information by interlining the proper corporate ownership. On appeal the court reversed the conviction because the amendment so vitiated the information as to deny the defendant due process of law.
Recently in Lackos v. State, 339 So.2d 217 (Fla. 1976) our supreme court referred to the modern trend to excuse technical defects and has held that a showing of prejudice is a condition precedent to undertaking the kind of procedural niceties envisioned by Alvarez and Lopez. In so doing the court held that the state was properly permitted to amend over the objection of the defendant to specify the correct corporate name of the owner of the stolen property as "Remington Electric Shavers, a division of Sperry Rand Corporation," which was contrary to the allegation in the information that the stolen property belonged to Remington Electric Razors, Inc.
In the Lackos case, there was no showing that the defendant was hindered in his defense or that he was exposed to double jeopardy. As noted above, neither such element is present in this case. Nevertheless, we are concerned here with an indictment, not an information, and with the total omission of an allegation of the place where the crime allegedly occurred. The supreme court early declared that such an allegation is a matter of jurisdiction. Connor v. State, 29 Fla. 455, 10 So. 891 (1892). In that sense, the indictment in this case fails to show that the grand jury was presented with, and considered, evidence of every material fact necessary to charge the crime of *146 which appellant was accused and for which he was tried. We are mindful of these considerations, though they were not expressed by the court in the Rimes case.
The principle in Rimes is a judicial construction of common law requirements. Though criminal law and procedure has changed a great deal since that decision, we are bound by the decision of our supreme court. It is our duty to adjudicate cases based upon the Federal and Florida Constitutions, and statutory law, and decisions of the Supreme Court of the United States and Florida. Should a change in Florida decisional law occur it should be at the hands of our supreme court rather than at the hands of the district court of appeal. It is our prerogative to certify questions we consider to be of great public interest to the Supreme Court of Florida and to state reasons for our suggestion that a principle of law be re-evaluated by that court. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
It is our opinion that the Supreme Court of Florida should consider whether, in light of all the circumstances of this case, the doctrine in Rimes should be a controlling precedent of the law.
Accordingly, we reverse the judgment of the trial court[4] but certify to the supreme court the question presented in the first sentence of this opinion as being one of great public interest.
GRIMES, A.C.J., and SCHEB and DANAHY, JJ., concur.
NOTES
[1] Since appellant was charged with a capital crime, an indictment was required. Art. I, Sec. 15(a), Fla. Const.; Fla.R.Crim.P. 3.140(a)(1).
[2] The motion, however, was renewed by counsel at trial at the end of the state's case and again denied.
[3] In some states the requirement of an express allegation of venue in the charging instrument has been eliminated by statute. In others, the allegation is supplied by statutes providing that venue shall be deemed to be charged as being within the boundaries of the territorial jurisdiction of the court in which the grand jury was impaneled. 42 C.J.S. Indictments and Informations Sec. 121. In over four decades since Rimes, neither type statute has been adopted by our legislature.
[4] We observe that the state is not precluded from charging appellant anew, Burnes v. State, 89 Fla. 494, 104 So. 783 (1925). Cf. Johnson v. State, 27 Fla. 245, 9 So. 208 (1891) and Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).