380 So.2d 1303 (1980)
Anthony Walter CAPPETTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1549.
District Court of Appeal of Florida, Third District.
March 11, 1980.
*1304 A. John Goshgarian, Miami, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before BARKDULL and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
Defendant, Anthony Cappetta, appeals the denial of his motion to dismiss information as being vague, indefinite and overbroad.
Cappetta was informed against for conspiracy to commit robbery and/or burglary. The information alleged that the conspiracy occurred "between the 1st day of May, 1979 and the 29th day of May, 1979". Subsequently, the prosecution filed a statement of particulars pursuant to Fla.R.Crim.P. 3.140(n) and again stated "the alleged offenses occurred between May 1 and May 29, 1979". Cappetta moved to dismiss the information on the ground that the time period in which the alleged conspiracy occurred as set forth in both the information and statement of particulars was so vague, indefinite and overbroad as to mislead and embarrass him in the preparation of his defense. Following a hearing, the trial judge denied the motion to dismiss. Thereupon, Cappetta entered a plea of nolo contendere and reserved his right to appeal.[1] The trial judge accepted the plea, placed him on probation and imposed a $1,000 fine. Cappetta then filed the instant appeal from the order denying his motion to dismiss the information.
Conspiracy is an offense which especially demands the application of the rule that an information or indictment state, with as much certainty as the nature of the case will permit, the facts which constitute the crime intended to be charged. See 16 Fla.Jur.2d Criminal Law § 1553 (1979) and cases cited therein. The law has therefore become well established that if the crime of conspiracy has been alleged to have occurred between certain specified dates (as in the instant case between May 1 and May 29) then the information or indictment must allege that the conspiracy was continuing throughout that specified period or that the conspiracy commenced at the beginning of that period and was not accomplished until the end. See State v. Dayton, 215 So.2d 87, 89 (Fla. 3d DCA 1968); Glasgow v. State, 292 So.2d 370 (Fla. 4th DCA 1974); and State v. Barnett, 344 So.2d 863 (Fla. 2d DCA 1977). See also Fla.R.Crim.P. 3.140(d)(3). The information in the case at bar fails to allege either that the conspiracy continued through the period of May 1st-May 29th or commenced on May 1st and was not accomplished until May 29th. Thus, we conclude the information was insufficient as a matter of law and Cappetta's motion to dismiss should have been granted.
Accordingly, the information is hereby dismissed and the order placing Cappetta on probation and fining him $1,000 is revoked.
Reversed.
NOTES
[1] See Fla.R.Crim.P. 3.172(C)(iv).