385 So.2d 1372 (1980)
STATE of Florida, Petitioner,
v.
Theron BLACK, Respondent.
No. 54644.
Supreme Court of Florida.
July 10, 1980.
*1373 Jim Smith, Atty. Gen., and C. Marie King, Asst. Atty. Gen., Tampa, for petitioner.
Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for respondent.
ADKINS, Justice.
This cause is before us on petition for writ of certiorari supported by certificate of the Second District Court of Appeal that its decision reported in Black v. State, 360 So.2d 142 (Fla.2d DCA 1978) involves a question of great public interest. Art. V, § 3(b)(3), Fla. Const.
The question was certified as follows:

*1374 Is a grand jury indictment insufficient to sustain a conviction when it fails to specify the place where the crime allegedly occurred, even though this allegation is subsequently supplied by a bill of particulars, the defendant is not hindered in the preparation or presentation of his defense, and the situs of the crime is proven at trial?
360 So.2d at 142-43. The district court followed the precedent of this Court established in Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931) answering in the affirmative; but urged us to reevaluate the principle enunciated in Rimes in light of changing circumstances in the law of criminal procedure. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Petitioner, defendant below, was indicted for first degree murder. The caption of the indictment named the circuit court for Hernando County, but the body of the indictment did not contain a statement as to the place of the alleged crime. The state subsequently filed a statement of particulars giving an exact address in Hernando County. The state demand for notice of alibi repeated the address specified in the bill of particulars. Finally, the evidence adduced at trial established venue in Hernando County. The trial court denied defendant's motion to dismiss the indictment as vague and indefinite both pretrial and at the close of the state's case. The Second District Court of Appeal found the indictment fatally defective and reversed the conviction.
There are two constitutional requirements of an indictment which are pertinent to the resolution of this case. First, an indictment must apprise a person of the charges in a manner which enables the accused to prepare a defense; second, the allegations must be specific enough to protect the accused from twice being placed in jeopardy for the same offense. U.S. v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); State v. Smith, 240 So.2d 807 (Fla. 1970). The common law insured these constitutional guarantees in part by requiring great precision and certainty in allegations as to place within the body of the accusatory writ. Ledbetter v. U.S., 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162 (1898); Groner v. State, 6 Fla. 39 (1855). Adherence to the technicalities of common law pleading has yielded in modern practice to the general principle that formal, non-prejudicial defects will be disregarded. This philosophy underlies our Rule 3.140(oo), Florida Rules of Criminal Procedure:
Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
See also Rule 3.020 Fla.R.Crim.P.
The state argues that the district court correctly observed that the defendant was not prejudiced in the preparation of his defense because the bill of particulars and demand for notice of alibi stated an exact time, date and place. Also, that there is no threat of double jeopardy since the trial transcript would be available upon any such plea and the evidence adduced clearly established both venue and the murder victim's identity. 360 So.2d at 144. In addition, the state relies on two decisions which allegedly represent a relaxation of the criteria for sufficient indictments. Neither of these dealt with an indictment wholly lacking in an essential allegation; but with allegations which were inexact or nonspecific. State v. Barnett, 344 So.2d 863 (Fla.2d DCA 1977) (place of offense should not be alleged in the disjunctive), disapproved on other grounds, McNamara v. State, 357 So.2d 410 (Fla. 1978); Sparks v. State, 273 So.2d 74 (Fla. 1973) (use of "on or about" language with reference to time of offense held sufficient).
*1375 It is true that the availability of a statement of particulars and Florida's liberal discovery rules allow an accused more leeway to prepare a defense than did the common law `four corners of the indictment' rule; but it is equally certain that a statement of particulars cannot cure fundamental defects in an indictment. 360 So.2d at 144. Venue is an essential element in any criminal charge. Art. I, § 16, Fla. Const. As such, venue has long been held a necessary part of an indictment which must be sustained by affirmative proof at trial. Rimes v. State, supra; McKinnie v. State, 44 Fla. 143, 32 So. 786 (1902); Robinson v. State, 20 Fla. 804 (1884); Cook v. State, 20 Fla. 802 (1884); Evans v. State, 17 Fla. 192 (1879). This well established principle is reflected in rule 3.140(d)(3), Florida Rules of Criminal Procedure:
Time and Place. Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
Allegations as to the place of the alleged offense also fix the jurisdiction of the grand jury and court. See 41 Am.Jur.2d Indictments & Informations §§ 122, 124 (1968); Annot. 59 A.L.R. 2d 906 § 4 (1956). Proper jurisdictional allegations are as essential in an accusatory writ as are those relating to the material elements of the crime. Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972); Conner v. State, 29 Fla. 455, 10 So. 891 (1892).
In view of the secrecy which surrounds grand jury proceedings, indictments, especially, should facially indicate jurisdiction. State v. Ostergard, 343 So.2d 874 (Fla.2d DCA 1977), writ discharged 360 So.2d 414, 414 (Fla. 1978) (Adkins, J., concurring specially).
The indictment in the case at bar did not even allege that the "grand jurors of ... Florida ... in ... Hernando County" presented that the defendant "in the county and state aforesaid" committed an offense. McElvene v. State, 105 Fla. 639, 142 So. 216 (1932). This is not an appropriate instance to encourage liberal amendment of imprecise allegations as long as the defendant is not prejudiced. Lackos v. State, 339 So.2d 217 (Fla. 1976). The indictment completely failed to allege venue; in this it was fundamentally defective and void. We affirm the holding in Rimes v. State that the "defect is one of substance and not of form." 133 So.2d at 551. The question certified to us is hereby answered in the affirmative, and the decision of the district court of appeal is approved.
It is so ordered.
SUNDBERG, C.J., and BOYD and OVERTON, JJ., concur.
ENGLAND, J., concurs specially with an opinion, with which OVERTON, J., concurs.
ENGLAND, Justice, specially concurring.
The Court's decision today is correctly decided under existing law, but this case suggests to me the need to reevaluate Florida's rules governing the sufficiency of indictments.
The reasons for requiring a precise allegation of venue in a charging document are, as the Court notes, to enable the accused to prepare a defense, to preclude double jeopardy for the same offense, and to fix the jurisdiction of the grand jury and the court. Both the district court[1] and this Court have concluded that the defendant Black was not prejudiced in the least by the venue deficiency in this case, as the place of the crime was early supplied by a bill of particulars and then later proven at trial. There is in the majority's analysis no justification for a continuation of the rule in circumstances such as these, other than that *1376 it has always been the rule. That justification, I submit, is simply not good enough if alternatives are available, and there are. Either this Court or the legislature could modify or abrogate the strict common law rule requiring that venue be alleged in an indictment, under one of two possible approaches.
One technique would be the adoption of a more relaxed standard governing allegations of venue in an indictment. Our present rules, embodying the spirit of the common law, require that the place of the offense be alleged as definitely as possible in each count of an indictment.[2] In contrast, some states by statute dispense with the necessity of alleging venue, so long as it is proven at trial that the offense was committed in the county in which the indictment was preferred.[3] Other states reach the goal by statutes which deem sufficient merely placing the name of the county and court in the caption or margin of the indictment.[4] The indictment in the present case would have been sufficient under either of these less formal standards.
A second technique is to allow the prosecutor or trial judge to amend an indictment in certain instances to include allegations of venue. The traditional rule in Florida, of course, precludes such amendments, as only a grand jury can amend an indictment with regard to matters of substance such as venue. Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927); Perez v. State, 371 So.2d 714 (Fla.2d DCA 1979); Russell v. State, 349 So.2d 1224 (Fla.2d DCA 1977). This rule is embodied implicitly in Rule 3.140(j) of the Florida Rules of Criminal Procedure, which provides for the amendment of informations but makes no mention of indictments.[5] While our rule is in accordance with that of the federal courts,[6] a growing number of states have enacted statutes or court rules permitting the amendment of indictments as to matters of form and substance.[7] *1377 Some states have even provided by law specifically for amendments regarding venue.[8] Frequently these statutes explicitly prohibit amendments which prejudice substantial rights of the defendant or which attempt to charge an additional or different offense.[9]
Either of the above general approaches offers a reasonable and logical alternative to the dismissal of an indictment and the reversal of a conviction when, as in this proceeding, there is no danger of actual prejudice to the defendant because of the indictment's defect. Admittedly, these alternatives are not available in the instant case, but a rule change by this Court for future cases is not an insurmountable barrier. The rules committee of The Florida Bar should consider these matters, with a wary eye on article I, section 15 of the Florida Constitution which provides that "[n]o person shall be tried for capital crime without presentment or indictment by a grand jury... ." Decisions in other states with like constitutional guarantees have usually concluded that this provision precludes the amendment of indictments as to matters of substance,[10] although not necessarily as to venue.[11]
At a time when the grand jury system is the subject of mounting criticism from scholars and practitioners,[12] our adherence to strict and technical rules derived from the common law in order to dismiss an otherwise valid indictment is subject to serious question. We should consider modernizing our rules and precedents (e.g., Rimes), if constitutionally allowable, to preclude dismissals in future cases such as this one.
OVERTON, J., concurs.
NOTES
[1] Black v. State, 360 So.2d 142, 144 (Fla.2d DCA 1978).
[2] Fla.R.Crim.P. 3.140(d)(3). Arguably, our decision conflicts with the requirement of Rule 3.140(o) that

[n]o indictment or information ... shall be dismissed ... for any cause whatsoever, ... unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
The state's failure to allege venue obviously falls within the broad language of this provision, especially since none of the factors which warrant dismissal are present. Decisions interpreting the statutory predecessors of Rule 3.140(o), however, have held that in spite of the rule's dictates, an indictment still cannot be upheld where it omits an indispensable allegation. Walker v. State, 119 Fla. 240, 161 So. 278 (1935); Bradley v. State, 208 So.2d 140 (Fla.3d DCA 1968). But cf. Brown v. State, 135 Fla. 30, 184 So. 518 (1938) (Court relied on predecessor of Rule 3.140(o) in approving trial court's denial of defendant's motion to quash indictment for failure to allege venue and other facts).
[3] See, e.g., Ala. Code tit. 15, § 8-31 (1975); Tenn. Code Ann. § 40-1809 (1975). Similarly, Arkansas' statute provides that venue shall be considered to be within the jurisdiction of the court in which the grand jury was impaneled. Ark.Stat.Ann. § 43-1016 (1977).
[4] See, e.g., Mass. Ann. Laws ch. 277, § 20 (Michie/Law Co-op 1968); Mo. Rev. Stat. § 545.160 (1978).
[5] The rule's silence is apparently intentional. "[Rule 3.140(j)] contains no provision for an amendment of an indictment since, presumably, a grand jury may not amend an indictment which it has returned and which is pending, although it may return another indictment and the first indictment may be disposed of by a nolle prosequi." 1968 Committee Note, Fla.R. Crim.P. 3.140. It is also significant that Rule 3.140(j) is patterned after § 111-5 of the 1963 Illinois Code of Criminal Procedure, which provided for the amendment of indictments as well as informations. Id.
[6] See, e.g., Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Ex parte Bain, 121 U.S. 1 (1887); United States v. Musgrave, 483 F.2d 327 (5th Cir.), cert. denied, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 314 (1973).
[7] See, e.g., Cal. Penal Code § 1009 (Deering 1972); Ind. Code Ann. § 35-3.1-1-5 (Burns 1979); Iowa R.Cr.P. 4; Ky.R.Cr.P. 6.16; La. Code Crim.Pro.Ann. art. 487 (West Supp. 1979). See also Annot., 17 A.L.R.3d 1181 (1968) (characterizing these statutes and rules as "the modern trend").
[8] See, e.g., N.Y.Crim.Proc.Law § 200.70 (Consol. 1979).
[9] See Annot., 17 A.L.R.3d 1181 (1968) and authorities cited therein.
[10] See, e.g., State v. Grothmann, 13 N.J. 90, 98 A.2d 291 (1953); State v. McGraw, 140 W. Va. 547, 85 S.E.2d 849 (1955). The underlying rationale is that the constitutional provision places the substantive process of returning an indictment within the grand jury's exclusive province. 13 N.J. at 94, 98 A.2d at 293. Amendments as to matters of form have uniformly been held to involve no constitutional infirmity. See Annot., 17 A.L.R.3d 1181 (1968) and authorities cited therein.
[11] Compare Breining v. State, 124 Ohio St. 39, 176 N.E. 674 (1931), with State v. Chamberlain, 6 Nev. 257 (1871), followed in Ex parte Alexander, 80 Nev. 354, 393 P.2d 615 (1964).
[12] See, e.g., Duff & Harrison, The Grand Jury In Illinois: To Slaughter A Sacred Cow, 1973 U.Ill.L.F. 635; Note, The Florida Grand Jury: Abolition Or Reform?, 5 Fla.St.U.L.Rev. 829 (1977). See generally M. Frankel & G. Naftalis, Grand Jury: An Institution on Trial (1977).