PER CURIAM.
Appellant seeks review of his conviction and sentence for the offense of burglary, contending that the absence of a venue allegation in this charge requires reversal. Appellant was adjudged guilty on each count of a six-count information, and each count, with the exception of the contested burglary charge, alleged venue. Appellant did not at any time prior to this appeal object to the absence of a venue allegation, and does not now allege that he was hampered in the preparation of his defense or otherwise prejudiced by this omission. One count of the information alleges the theft of property from the owners of the burglarized dwelling, and includes a venue allegation. In the circumstances of this case we find no reversible error and affirm the order appealed.
In State v. Black, 385 So.2d 1372 (Fla.1980), the court held that venue is an essential element of an indictment, and that the absence of a venue allegation is a fundamental defect. The court expressly noted that in view of the secrecy which pervades grand jury proceedings and indictments, it is essential that the charging document facially indicate jurisdiction by alleging venue. Unlike Black, the present case involves a multiple-count information (with all but the contested charge alleging venue), rather than a single-count indictment. In Black the defendant objected at trial and sought to dismiss the indictment whereas in the present case appellant did not complain below and seeks now to raise the issue for the first time on appeal. In Ray v. State, 403 So.2d 956 (Fla.1981), the court indicated that “for errors to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process.” In the present case the court below possessed jurisdiction and appellant has not alleged any prejudice from the omission of a venue allegation in the contested charge; we conclude that in the circumstances of this case the absence of a venue allegation was not a “denial of due process” and cannot be raised for the first time on appeal.
Accordingly, the order appealed is affirmed.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.