413 So.2d 1195 (1982)
STATE of Florida, Appellant,
v.
George KOPULOS, Steven J. York and Daniel Scott Bonk, Appellees.
No. 81-1562.
District Court of Appeal of Florida, Second District.
March 10, 1982.
Rehearings Denied May 14, 1982.
As Modified on Denials of Rehearings May 14, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee George Kopulos.
Raymond E. LaPorte, Tampa, for appellee Steven J. York.
A.R. Mander, III of Greenfelder & Mander, Dade City, for appellee Daniel Scott Bonk.
BOARDMAN, Acting Chief Judge.
Appellees were charged by information with conspiracy to traffic in cannabis in an amount in excess of 100 pounds and with trafficking in the same cannabis. The conspiracy count alleged that George M. Kopulos, Steven J. York, and Daniel S. Bonk, in Pasco County, conspired to possess cannabis "between the 9th day of December, 1980 and the 21st day of December" 1980. The trial court dismissed this count on the authority of Cappetta v. State, 380 So.2d 1303 (Fla.3d DCA 1980), ruling that the charging language was impermissibly overbroad. We reverse.
In Cappetta, the third district held that if the crime of conspiracy has been alleged to have occurred between certain specified dates (as in the instant case between December 9 and December 21) then the information or indictment must be dismissed unless it is alleged that the conspiracy was continuing throughout that period or that the conspiracy commenced at the beginning of that period and was not accomplished until the end. We disagree with the holding in Cappetta.
Florida Rule of Criminal Procedure 3.140(d)(3) requires that each count of the information "shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged." Rule 3.140(o) further provides that no information shall be dismissed unless the court is of the opinion "that the indictment or information is so vague, indistinct and indefinite as to mislead the accused *1196 and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." In other words, all that is required of the indictment or information is that it sufficiently apprise the defendant of the charges against him so that he may adequately prepare his defense and not be unfairly surprised by the evidence he is called upon to meet. United States v. Fischetti, 450 F.2d 34 (5th Cir.1971); United States v. Bullock, 451 F.2d 884 (5th Cir.1971).
The Florida Supreme Court has held that "it is not necessary to state the exact date of the offense if that date is not known; it is acceptable to state that the commission of the crime occurred within set limits if those limits are specifically stated." Sparks v. State, 273 So.2d 74, 75 (Fla. 1973). According to Sparks, an allegation in the information that the offense occurred "on or about" a stated date is not fatally vague unless it could be shown that time is material to the crime being charged or that the accused is prejudiced by the use of the phrase. In State v. Barnett, 344 So.2d 863 (Fla.2d DCA 1977), we criticized an indictment charging the commission of an offense "between the first day of October, 1975, and the eighteenth day of January, 1976" because nothing in the indictment stated that the crime was continuing throughout the specified period or commenced at the beginning of the period and was not accomplished until the end. However, we noted that this deficiency alone might not be enough to require dismissal of the indictment, and affirmed dismissal due to a number of other deficiencies. In Black v. State, 360 So.2d 142 (Fla.2d DCA 1978), aff'd, 385 So.2d 1372 (Fla. 1980), we explained that Sparks and Barnett did not involve a total failure to make the allegation as specific as it could have been. We pointed out that the modern trend is to excuse technical defects which have no bearing upon the substantial rights of the parties in the absence of a showing of prejudice. See Lackos v. State, 339 So.2d 217 (Fla. 1976).
Finally, in State v. Burkett, 344 So.2d 868 (Fla.2d DCA 1977), we had before us an information alleging the commission of a conspiracy "between September 9, 1975 and September 23, 1975." Since the nature of conspiracy is such that it can be accomplished by several acts over a period of time, we held that the fourteen-day span between September 9 and September 23 was not so vague or long a period as to embarrass the accused in preparing their defense or to preclude a possible double jeopardy defense on a subsequent prosecution.
The information tracked the language of both the conspiracy statute, Section 777.04(3), Florida Statutes (1979), and the drug trafficking statute, Section 893.135(1)(a)1, Florida Statutes (1979) which rendered it sufficient. Martinez v. State, 368 So.2d 338 (Fla. 1978). While the conspiracy count might have been more artfully drawn, any technical defects it may contain are insufficient to warrant its dismissal. Appellees have not shown that they were prejudiced by any inartful pleading contained in the information.
Accordingly, the trial court's order dismissing the conspiracy count of the information against appellees is REVERSED and the cause REMANDED for further proceedings.
OTT and DANAHY, JJ., concur.