SHARP, Judge.
I dissent in this case because, under the circumstances presented by the record, I would affirm the trial judge’s conclusion that the information was not
so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of new prosecution for the same offense.
Fla. R. Crim. P. 3.140(o) (1981).
The information basically tracked the statute. Section 849.25(2), Florida Statutes (1981) provides, “Any person who engages in bookmaking shall be guilty of a felony . . . . ” The information charged that Leo-net’ti
between September 1, 1979 and October 23, 1979, in the said County and State [referring to Seminole County, State of Florida], did then and there engage in bookmaking contrary to Florida Statute 849.25.
Bookmaking is defined by the statute as
the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man or beast, or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown, or contingent event whatsoever.
§ 849.25(1), Fla. Stat. (1981).
I do not think this information is imper-missibly vague because of the acts charged. In State v. Dilworth, 397 So.2d 292 (Fla. 1981), the Florida Supreme Court upheld an information which charged the defendant with making false statements to obtain unemployment compensation. The defendant argued the information should be dismissed because it merely tracked the criminal statute and it failed to recite any specific misrepresentations which the defendant allegedly made. The court noted that in some cases merely reciting the applicable criminal statute was enough, and in others it was not. The analysis apparently turns on whether the statutory language is so generic that it fails to inform the defendant as to what criminal acts he allegedly com *1195 mitted. Examples of such too-generic charges are “lewd and lascivious” acts and “fraudulent transactions, practices or course of business.” Id. at 293-94.
Whether or not “bookmaking” is too generic to pass muster has not been addressed by the Florida Supreme Court. Since the statute specifically defines “bookmaking,” use of that term, without describing the kinds of bets taken, does not appear to me to make the information impermissibly vague.[1] The information in this ease is analagous to the information in Dilworth which withstood the same kind of challenge from the defendant who argued the kinds of misrepresentations had to be set forth in the indictment.
Further, I do not think the time and place allegations are too vague. This case can be distinguished from State v. Barnett, 344 So.2d 863 (Fla. 2d DCA 1977) where a “bookmaking” indictment which tracked the statute was quashed as impermissibly vague. The indictment in Barnett alleged the crime occurred over a period of more than three months in three different counties. Here the information alleged a time span of two months but it specified Seminole County as the locus of the criminal acts. Neither the Barnett indictment nor the instant information described the kinds of betting involved. The Barnett court held that the indictment’s time and place allegations were too vague. It said that, in view of the availability of a statement of particulars, no one of the Barnett deficiencies would itself have required the dismissal. Only when viewing the indictment as a whole did the court approve the trial court’s dismissal.
The record shows Leonetti, immediately upon his arrest, stated to the police officers that he had been engaged in bookmaking in a borrowed apartment. His arrest was brought about by observations of him by one of the apartment renters during a two day time period. The bill of particulars limited the charge to those acts in that time frame.[2] Under these circumstances I cannot say the trial court erred in deciding Leonetti was not in fact misled or confused in the preparation of his defense. As the court stated in Dilworth,
With the advent of Florida’s liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document. While these discovery tools generally cannot cure a fatally vague charging document, they do reduce the danger of a defendant’s being in doubt as to the specifics of his alleged wrongdoing or of his being subjected to a new charge arising from the same act. In other words, an information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy. (Emphasis added).
State v. Dilworth, 397 So.2d at 294.

. See State v. DiGuillio, 413 So.2d 478 (Fla. 2d DCA 1982).

. A statement of particulars provided Leonetti with precise details relating to a specific time (October 20, 21 and 22, 1979) and a specific place (the vicinity of Apt. 0-8, Regency Apartments, Seminole County, Florida).