GRIMES, Acting Chief Judge.
This is an appeal from an order revoking probation.
On April 13, 1981, Franklin K. Baker entered a plea of nolo contendere to the charge of manslaughter and was placed on ten years probation. Condition 10 of the probation order specified that Baker’s driver’s license should be suspended during the term of his probation. Thereafter, an affidavit of violation of probation was filed alleging that Baker had violated condition 10 by driving a vehicle on August 21, 1981, and September 17, 1981, while his license was suspended. Later the state moved to amend the affidavit of violation of probation to charge that Baker had driven a vehicle between April 13,1981, and September 30,1981. The court granted the motion over Baker’s objections. Baker then filed a motion for statement of particulars requesting the state to describe with specificity the time, date and place of the incidents. The court granted the motion only with respect to place. The state then filed a statement of particulars reciting that the offense occurred on Escondida Boulevard in Isla del Sol, St. Petersburg, Florida.
At the hearing, Baker’s probation officer testified that Baker understood that a special condition of probation required the suspension of his driver’s license. This was later accomplished by order of the Department of Highway Safety and Motor Vehicles.
Dr. John Slosburg testified that sometime in August he and his wife saw Baker driving a white station wagon on Escondida Boulevard. He thought the sighting had occurred on August 21, 1981, but he could not be certain of the date. He then telephoned a neighbor, Mrs. Halsey, and told her that he had seen Baker driving.
Jean Slosburg testified that while accompanied by her husband in late August of 1981, she saw Baker driving a white station wagon on Escondida Boulevard. She thought the date was August 21, 1981. Both Dr. and Mrs. Slosburg agreed that when they saw Baker driving, his wife was with him as a passenger. Mrs. Slosburg also testified that while sitting at her second floor window on September 17,1981, she saw Baker drive by in his car. Dr. and Mrs. Slosburg admitted that they had disagreed with Mrs. Baker concerning the placement of a pier behind their condominium.
Robert Halsey testified that while jogging, he saw someone he thought to be Baker driving an automobile on Escondida Boulevard. When he arrived home, Dr. Slosburg was telling Mrs. Halsey on the telephone that he had just seen Baker driving a car. He could only place the date as between March and November, 1981.
After the state rested, Maxine Wilcox testified that she visited the Bakers on the evening of August 21, 1981. She said that Baker did not drive that evening but that she and Mrs. Baker took the car to pick up a call-in order of Chinese food. Baker testi *686 fied that as a consequence of the condition of his probation he gave his car to an employee who chauffered him back and forth from work. He stated that although his wife drives a white station wagon, he had not driven the automobile since being placed on probation. Virginia Baker corroborated her husband’s testimony.
At the conclusion of the hearing, the judge stated that he found by the greater weight of the evidence that Baker had operated his automobile at an unknown date between August 1 and September 15 on Escondida Boulevard, on the occasion that he was observed by both Halsey and the Slosburgs. Baker’s probation was revoked and he was sentenced to prison for three years on the original manslaughter charge.
Baker first contends that the state failed to prove that he violated condition 10 of the probation order. He points out that condition 10 specifies that only his driver’s license shall be suspended rather than stating he shall not drive an automobile. He argues that to revoke his probation for driving, the state would have to charge him under condition 5 with not living and remaining at liberty without violating any law. This argument exalts form over substance. Baker was convicted of manslaughter resulting from the use of a motor vehicle. Therefore, a driving restriction was obviously relevant to his probation. Since the suspension of driver’s license is normally a function of the Department of Highway Safety and Motor Vehicles rather than the court, the essence of the condition was that Baker must not drive during his probation. At the hearing, Baker himself admitted that when the judge told him that his license was to be suspended during the term of his probation, he understood this to mean that he could not drive.
Baker also argues that the affidavit alleging that he had violated the terms of his probation was so vague that he was prejudiced in his ability to prepare and present a proper defense. He contends that the amended affidavit of violation upon which the hearing was conducted unfairly required him to be prepared to defend his actions on each of 170 days. In support of his argument, Baker cites cases in which informations were dismissed for failure to more specifically state the dates upon which the crimes were allegedly committed. State v. Bennett, 344 So.2d 863 (Fla. 2d DCA 1977); Glasgow v. State, 292 So.2d 370 (Fla. 4th DCA 1974); State v. Dayton, 215 So.2d 87 (Fla. 3d DCA 1968). The state responds by citing cases upholding informa-tions charging crimes to have occurred either within a time span or “on or about” a certain date. Sparks v. State, 273 So.2d 74 (Fla.1973); Collier v. State, 116 Fla. 703, 156 So. 703 (1934); Skipper v. State, 114 Fla. 312, 153 So. 853 (1934). Of course, none of these cases are controlling because they involved informations charging crimes rather than an affidavit asserting a violation of probation.
The reason why the affidavit could not be limited in time was that while the state’s witnesses could testify that they saw Baker driving within an expanded time frame, they could not recall the specific dates. However, Baker was fully prepared for their testimony because each of them had been deposed before the hearing. Admittedly, he was placed in an awkward position concerning the possibility of furnishing an alibi for each day, but even in a criminal case a defendant cannot make an exact time an element of an offense by “presenting a ‘possible’ defense of alibi.” State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976). In the final analysis, the single issue in the case was whether or not Baker drove while on probation. The state furnished three witnesses who said that he did, while Baker and his wife denied it. The court chose to believe the state’s witnesses. In the context of the relaxed legal standards applicable to probation revocations, we cannot say that Baker was unfairly prejudiced in his defense or denied due process.
AFFIRMED.
SCHEB and DANAHY, JJ., concur.