432 So.2d 51 (1983)
Steven J. YORK, Petitioner,
v.
STATE of Florida, Respondent.
No. 62204.
Supreme Court of Florida.
May 19, 1983.
*52 Raymond E. LaPorte, Tampa, for petitioner.
Jim Smith, Atty. Gen., and Michael A. Palecki, Theda James Davis and Robert J. Krauss, Asst. Attys. Gen., Tampa, for respondent.
EHRLICH, Justice.
Petitioner and two others were charged by information with conspiracy to traffic in cannabis in an amount in excess of 100 pounds and with trafficking in cannabis in an amount in excess of 100 pounds. Petitioner moved to dismiss the conspiracy information on grounds that it was unlawfully vague as to date, time and place of the conspiracy. The information alleged no facts concerning date, time or place of the conspiracy other than that it occurred on or between December 9, 1980 and December 21, 1980.
At the motion hearing, the state conceded unlawful vagueness as to the conspiracy count, but sought leave to file an amended information. Although leave was granted, the amended information was never filed. The trial court granted the motion to dismiss based on Cappetta v. State, 380 So.2d 1303 (Fla. 3d DCA 1980). The state appealed and the Second District Court of Appeal reversed sub nom. State v. Kopulos, 413 So.2d 1195 (Fla. 2d DCA), appeal dismissed sub nom. Bonk v. State, 419 So.2d 1195 (Fla. 1982).[1] We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, because of the express and direct conflict between Cappetta and Kopulos.
In Cappetta, the defendant was charged by information with participation in a conspiracy which occurred "between the 1st day of May, 1979 and the 29th day of May, 1979." 380 So.2d at 1304. Cappetta filed a motion to dismiss the information on the ground that the time period as alleged was so vague, indefinite and insufficient as to mislead and embarrass him in the preparation of his defense. The trial court denied the motion, but the district court ruled that the count of the information was insufficient as a matter of law and should be dismissed. The district court stated that "if the crime of conspiracy has been alleged to have occurred between certain specified dates ... then the information or indictment must allege that the conspiracy was continuing throughout that specified period or that the conspiracy commenced at the beginning of that period and was not accomplished until the end." Id. We decline to adopt that position as a rule of law.
The standards by which the sufficiency of an indictment or information is to be measured are clearly set forth:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment *53 or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Fla.R.Crim.P. 3.140(o).
In Sparks v. State, 273 So.2d 74, 75 (Fla. 1973), this Court held:
it is not necessary to state the exact date of the offense if that date is not known; it is acceptable to state that the commission of the crime occurred within set limits if those limits are specifically stated. It is not even essential that the date proved at trial be the date stated in the indictment or information.
(citations omitted.) This ruling was justified because of modern changes in criminal procedure:
Because of the availability of a motion for statement of particulars and our discovery proceedings, defendant is no longer in the position of having to prepare a defense just from the four corners of the indictment or information.
Id. at 76. Although Sparks dealt with a substantive offense, violation of securities laws, rather than a conspiracy, we can see no reason for making a different rule for allegations of conspiracy.
Accordingly, the holding of the district court is approved, the holding in Cappetta is disapproved, and this cause is remanded to the trial court without prejudice to petitioner's right to prove that the information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense in accordance with Florida Rule of Criminal Procedure 3.140(o).
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] The second defendant, Kopulos, did not appear before the district court and did not take an appeal. The third defendant, Daniel Scott Bonk, filed an appeal from the district court decision which was dismissed. Bonk v. State, 419 So.2d 1195 (Fla. 1982).