BLUE, Judge.
Richard L. Tilebein appeals the revocation of probation for his failure to report and a new law violation based on his driving without a valid license. Based on the evidence before the trial court, we see no abuse of discretion and affirm.
The evidence showed and the trial court found that Mr. Tilebein failed to report in June. A single failure to report, standing alone, may not warrant revocation of probation. See Sanders v. State, 675 So.2d 665 (Fla. 2d DCA 1996). The evidence also showed that Mr. Tilebein was stopped while driving without a valid driver’s license. This constitutes a second-degree misdemeanor, punishable by not more than sixty days in jail. See §§ 822.03(1), 322.39, 775.082(4)(b), Fla. Stat. (1997). Mr. Tilebein argues that his conduct did not constitute a criminal violation. Based on the above cited statutes, we disagree. See also Baker v. State, 428 So.2d 684 (Fla. 2d DCA 1983) (revoking probation for driving with suspended license); Ontiveros v. State, 746 So.2d 1174 (Fla. 2d DCA 1999) (alleging violation of probation based on driving without valid license). Based on these violations, we affirm the revocation of probation and subsequent sentence of twenty-four months in prison. Because the record lacks a written order specifying the conditions violated, we remand for this purpose.
Affirmed and remanded.
CAMPBELL, A.C.J., and SALCINES, J., Concur.